BENJAMIN F. SLATEN *et al.*, Plaintiffs in Error, *v.* THE PEOPLE.

ERROR TO JERSEY.

A *scire facias* upon a recognizance issues after such recognizance is made a record, and oyer of it is not demandable; if the writ misdescribes the record, the proper plea is *nul tiel record.*

A recognizance is not required to be under the seal of the parties; nor is the magistrate taking it required to certify it into the Circuit Court under his seal.

THE judgment sought to be reversed by this writ of error, was rendered at the April term, 1858, of the Jersey Circuit Court, by WOODSON, Judge.

The opinion of the court gives a statement of the case.

UNDERWOODS, for Plaintiffs in Error.

J. S. ROBINSON, for The People.

BREESE, J. On the first day of September, 1857, one John Morain being charged with larceny, and examined before a justice of the peace of Jersey county, entered into a recognizance, with Slaten and Piggott his sureties, in the sum of one hundred and fifty dollars, for his appearance at the next term of the Jersey Circuit Court, to answer any indictment that might be found against him on said charge.

At the next term of that court, Morain defaulted, and his sureties were called to bring in their principal in discharge of their recognizance, and they made default; a forfeiture of their recognizance was duly entered, and a *scire facias* ordered against them.

This writ was returned served on Slaten and Piggott, and *non est* as to Morain. The writ is in the usual form, but avers that the recognizance was signed and sealed by the defendants, and

Slaten et al. *v.* People.

is set out in full in the writ. The necessary averments that the recognizance was taken and acknowledged before the justice of the peace, and duly certified to the Circuit Court, and filed of record in the clerk's office of that court, as required by law, are made. The recognizance set out in the writ is not sealed by the parties, nor is the certificate of the justice of the peace certifying it into the Circuit Court, under his seal. The record shows an indictment by the grand jury against Morain, on this charge of larceny.

At the April term, 1858, of the Jersey Circuit Court, the plaintiffs in error appeared by attorney, and craved oyer of the recognizance and *scire facias*, and demurred generally, assigning the following causes : that it does not appear that the recognizance was certified into the Circuit Court; that it does not show that it was approved by the justice ; that it does not appear that the person taking it had any authority ; that the *scire facias* does not show for what offense the principal was indicted, or that he had been guilty of an indictable offense ; that there is no averment that the recognizance was forfeited ; and these are the causes assigned for error.

These causes are disposed of by reference to the *scire facias*. It avers that the recognizance was returned to the Circuit Court on the 7th of September, 1857 ; that it was approved by the justice of the peace taking it, and that he was a justice of the peace. It also sets out the indictment found by the grand jury for larceny, and avers the default of all the parties and a forfeiture of the recognizance. The writ is quite formal and technical. Where this writ is issued upon a recognizance, it is only so issued when the recognizance is made a record, on being certified into the Circuit Court. Being such record, oyer is not demandable of it. 1 Ch. Pl. 415. It is not, therefore, before the court to determine a question of variance. If the *scire facias* describes a record different from the true record, that fact should be brought to the notice of the court by plea of *nul tiel record*—otherwise the court cannot notice it.

The statute does not require that the recognizance shall be under the seal of the parties, or that the magistrate shall certify it into the Circuit Court under his seal. Rev. Laws, Chap. 30, Sec. 205.

The record shows a strict compliance with the statute in every particular, and the judgment is therefore affirmed.

*Judgment affirmed.*