GEORGE VINCENT, Appellant, *v.* THE PEOPLE, etc., Appellees.

APPEAL FROM THE RECORDER'S COURT OF THE CITY OF LA SALLE.

If a justice of the peace should, without consent, strike out one name and insert another in a recognizance, it will release the cognizors.

A justice of the peace changed the name of William Vincent to that of George Vincent, in a recognizance ; this was held to release the obligation.

THIS was a *scire facias* upon a recognizance entered into by the appellant, as security with William Vincent and William Kelly as principals, running to the People, and dated September 29th, 1859, returnable to the October term of the said Recorder's Court.　At said October term said recognizance was defaulted and a judgment rendered thereon, and a *scire facias* issued to appellant, and to William Vincent and William Kelly, returnable at the January term, A. D. 1860, of said Recorder's Court.

There was a default of the recognizance, and a judgment was entered thereon, and an order for *scire facias* to issue, taken October 10th, 1859.

There was a return of service on *scire facias* upon George Vincent ; William Vincent and William Kelly not found.

There was a motion by appellant to quash the *scire facias.*

Motion to quash overruled, and exceptions taken.

In the bill of exceptions are the affidavits of the appellant, and of E. F. Bull, showing that the said recognizance was altered after the same had been signed by appellant, without appellant's knowledge or consent. The alteration consisting in the erasure of the name of George, and the insertion of the name of William, in the condition of the recognizance.

There was also a motion by William Vincent and William Kelly to quash the *scire facias*, which motion was overruled.

The appellant filed a plea of *non est factum*, sworn to by him, a plea of *nul tiel record*, and a special plea in substance as follows: "That although it is true that on the said 29th day of September, 1859, this defendant, together with said William Vincent and William Kelly, did execute a recognizance to the People, etc., in the sum of $400, as charged in said *scire facias*, yet this defendant avers, that since the time this defendant executed said recognizance, and before the same was returned into this court, the said recognizance was, without the knowledge or consent of this defendant, altered in a material part thereof; that is to say, when said recognizance was executed by this defendant, a portion of the condition thereof read as follows, viz., 'Now the condition of this recognizance is such, that if the above bounden *George* Vincent and William Kelly shall be, etc.,' but that this portion of said recognizance was so altered as to read, 'Now the condition of this recognizance is such, that if the above bounden *William* Vincent and William Kelly, etc.' " The plea contained also formal allegations that the recognizance so altered, and the one mentioned in the *scire facias*, are one and the same, etc. Concludes with verification.

Also two other special pleas, similar to the third, only varying the statement.

The sixth plea alleges, in substance, " that there is no such record of recovery or forfeiture against the said George Vincent, at the suit of said People, upon any recognizance executed by him, the said George Vincent, etc. Prayer if the said People ought to have judgment, etc. Affidavit of truth of plea.

Seventh plea of appellant similar in substance to the sixth plea.

A jury was waived, and cause submitted to court, CHUMASERO, Judge, for trial.

A stipulation was entered into which recites in substance that the court is to pass upon the question of the materiality of the alteration of the recognizance claimed by appellant, which alteration was admitted to have been made, and the court would render a judgment in accordance with its finding on the recognizance. All the legal rights of the parties were respectively

saved, except as to the pleadings, each having the right to an appeal or writ of error to the Supreme Court.

An execution was ordered against the said William Vincent and William Kelly, upon judgment, entered at October term, 1859. Execution ordered against appellant upon judgment rendered at October term, 1859.

A motion by appellant for a new trial was overruled, and exceptions taken.

Motion by appellant in arrest of judgment; overruled, and exceptions; appeal prayed, and granted.

The bill of exceptions shows that upon the trial of said cause, the People, in order to maintain the issues on their part, offered in evidence a certain recognizance.

To the reading of said recognizance in evidence, said appellant, by his attorney, then and there objected, which objection was overruled, and said recognizance was permitted to be read in evidence.

The plaintiff, further to maintain the issues on his part, produced *Alfred Putnam*, as a witness, who testified, that he was the justice of the peace who took the said recognizance offered in evidence by said People; that some time after the execution of the recognizance by the appellant, he altered or changed the same in the condition thereof, as follows : " Now the condition of this recognizance is such, that if the above bounden William Vincent and William Kelly, shall be," etc., so as to make the recognizance read *William* Vincent, whereas it formerly read *George* Vincent; that at the time of its execution it read George Vincent, and continued to read so for some time thereafter; that some two or three weeks after its execution, he erased the word *George*, in said recognizance, and inserted the word or name *William;* that such erasure was made without the knowledge or consent of appellant ; that the recognizance by such alteration was so changed that it read as a recognizance for the appearance of William Vincent, at the next term of this court, after its execution, whereas, at the time of its execution it read as a recognizance for the appearance of George Vincent.

The appellant made a motion to exclude the recognizance from the evidence in the cause, which motion was overruled.

The court then ordered execution against appellant on judgment for $400 and costs. Entered at October term, A. D. 1859.

E. F. BULL, for Appellant.

D. P. JONES, State's Attorney, for The People.

Rea *v.* Durkee.

WALKER, J. This was a *scire facias* on a recognizance. A plea of *non est factum* verified by affidavit was interposed. On the trial in the court below it appeared in evidence, that the justice of the peace before whom the recognizance was taken, without the knowledge or consent of plaintiff in error, struck out his name, as it was originally inserted, in the condition of the recognizance, and inserted the name of George Vincent. This, it is contended, was such a change as released the cognizors. As it was originally executed, the recognizance was for the appearance of the plaintiff in error, and George was his cognizor, whilst by the change, plaintiff in error became the cognizor, and George the principal. This was certainly material, as it wholly changed the obligation.

As it was executed by the parties, it required plaintiff in error to appear to answer the charge, and George bound himself that plaintiff should so appear, but as it now stands, plaintiff is bound for George's appearance. For aught we know, plaintiff in error may have been perfectly willing to bind himself to appear to answer the charge, and not willing to bind himself that George should. We must look alone to the instrument to see what the parties intended, and we have no right to hear evidence that a mistake had occurred. If that was the case, a court of chancery may give relief by reforming the contract, but the justice of the peace, unauthorized by the parties, had no such power, nor had the court below, on evidence adduced, any power to confirm his unauthorized act. We are clearly of the opinion that the alteration was material, and that when made, the recognizance ceased to be the deed of plaintiff in error, and that the court below erred in rendering judgment against him.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*