JAMES NEIL, Plaintiff in Error, *v.* RICHARD P. MORGAN, SIDNEY S. MORGAN, and PETER W. PECKHAM, Defendants in Error.

ERROR TO McLEAN.

A bail bond will be obligatory against the sureties executing it, although their names are not inserted in the blanks left for that purpose.

THIS was an action of debt, commenced in the Circuit Court of Peoria county, upon a bail bond, which said bond is as follows:

" Know all Men by these Presents, that we, Richard P. Morgan, of the county of Cook and State of Illinois, are held and firmly bound unto John L. Wilson, sheriff of Cook county, in the State of Illinois, in the sum of four thousand dollars, lawful money of the United States, for the payment of which, well and truly to be made, to the said John L. Wilson, sheriff as aforesaid, or his successors in office, executors, administrators or assigns, we hereby jointly and severally bind ourselves, our heirs, executors and administrators. Witness our hands and seals, this 17th day of April, eighteen hundred and fifty-seven.

"The condition of this bond is such, that whereas James

Neil has lately sued out of the Circuit Court of Peoria county a certain writ of *capias ad respondendum*, in a certain plea of trespass on the case on promises, against Richard P. Morgan, returnable to the next term of the said court, to be held at Peoria, in Peoria county, on the second Monday of May next.

"Now, if the said Richard P. Morgan shall be and appear at the said court, to be held at Peoria aforesaid, on the second Monday of May next; and in case the said          shall not be received as bail in the said action, shall put in good and sufficient bail, which shall be received by the plaintiff, or shall be adjudged sufficient by the court; or the said          being accepted as bail, shall pay and satisfy the costs and condemnation money which may be rendered against the said Richard P. Morgan in the plea aforesaid, or surrender the body of the said Richard P. Morgan in execution in case the said Richard P. Morgan shall not pay and satisfy the said costs and condemnation money, or surrender himself in execution where by law such surrender is required, then this obligation to be void, otherwise to remain in full force and effect.

RICHARD P. MORGAN.<br>S. S. MORGAN.<br>P. W. PECKHAM."

"Filed Nov. 8, 1858.   ENOCH P. SLOAN, Clerk."

The declaration in the cause was upon this bond.

A default was entered in the Peoria Circuit Court against Richard P. and Sidney S. Morgan and P. W. Peckham, which was afterwards set aside as to Peckham, who applied for a change of venue, which was granted, and the venue was changed to McLean county.

Several pleas were filed by Peckham, which it is not important to notice.

The defendants craved oyer of the bond, and demurred to the declaration. The court sustained the demurrer, and the plaintiff abiding by his declaration, the court rendered judgment for the defendants.

The errors assigned are : That the court erred in sustaining the defendants' demurrer to the plaintiff's declaration ; and in rendering judgment for defendants on sustaining said demurrer.

N. H. Purple, for Plaintiff in Error.

The bond in this case is a good bond as against the securities, notwithstanding their names are omitted in the body of the bond.

It has often been decided that a bail bond is good, though the sheriff takes *one* security only, when by law *two* are required. *Long* v. *Billings*, 9 Mass. 482; *Rice et al.* v. *Hosmer*, 12 Mass. 129 ; *Lane* v. *Smith*, 2 Pick. 284; *Ball* v. *Clark*, 2 Met. 587.

Also, that a mistake in the plaintiff's name, or a misrecital of the debt demanded by the writ, does not vitiate the bond. *Colburn* v. *Downs*, 10 Mass. 20 ; *McLeanred* v. *Lillard*, 1 Bibb, 146.

The authorities clearly indicate that when a party signs a bond as security for another, he is bound by its conditions, notwithstanding technical inaccuracies or defective descriptions in the body, or in the reciting portions of the bond. *Rolston* v. *Love*, Hardin, 501 ; *Payne* v. *Britton*, 6 Rand. 101 ; *Robison* v. *Thompson*, 4 Halst. 97 ; *Carter* v. *Cockerell*, 2 Murray, 448 ; *Kelly* v. *Commonwealth*, 9 Watts, 43 ; *Rey nolds* v. *Gove*, 4 Leigh, 276.

W. W. Orme, for Defendants in Error.

As a general thing it has been held that material errors and omissions in a bail bond would vitiate it. *Adams* v. *Hedgepeth*, 5 Jones' N. C. Law Rep. 327 ; *Perry* v. *Dobbin*, 2 Bailey, S. C. 343 ; Tidd's Practice, vol. 1, p. 225, marginal; 3 Camp. 181; *Barnard* v. *Viele*, 21 Wend. 89; *Harrison* v. *Tiernans*, 4 Rand. 177 ; *Handley* v. *Ewings*, 4 Bibb, 505.

Walker, J. It will not be controverted, that at common law, an obligation, signed and sealed by other persons than those named in the body or condition of the instrument, will bind all to its terms and conditions. If this was such a bond, there would be no question of its validity, and that all who had executed it will be bound for its performance. It is, however, insisted, that as this is a statutory bond, that the omis-

sion to insert the names of Sidney S. Morgan, and Peter W. Peckham, either in its body, or in the condition, as to them, it is unauthorized and void. If this constitutes a material omission of the requirements of the statute, then such must be the effect, but if, on the contrary, the provision is only directory, its omission will not/affect its validity. By a reference to English cases, it will be found that a bail bond which conforms substantially to their statute, is held to be sufficient, although there may be technical defects. 2 Levinz, 123; 6 Mod. 122; 6 T. R. 702; 2 Strange, 104; 9 East, 55.

In the case of *Reynolds* v. *Gore,* 4 Leigh, 276, it was held that where by mistake the name of the security is omitted in the body of the bond, but a blank was left where it should have been inserted, that the bail was nevertheless liable. This case is almost in point, and establishes, like the English decisions, the doctrine that a substantial compliance with the statute will suffice. The case of *Adams* v. *Hedgepeth,* 5 Jones' N. C. Law Rep. 327, announces a different rule, yet the court in their opinion say, that they had previously held that such an omission in an administrator's bond, was immaterial. The court assigns no reason for the distinction in the two cases, nor is any perceived. They are both statutory obligations, and depend upon the statute for their validity.

In this case the securities must have known that they were executing a bail bond, not as principals, but as securities, as they were not sued or arrested, and the instrument recited that the principals had been. They also knew, that the object of the bond was to procure the release of the principal from custody. This they no doubt intended to do, and when they read the bond and condition, and executed it, they must have intended to become liable if the condition of the bond was not performed. By executing the bond they obtained the release of the principal, and the plaintiff in the original action no doubt relied upon it as good and sufficient. In the administration of justice, mere technicalities, unless positively required by the law, should not be regarded, especially when they stifle justice, defeat the intention of the parties, and tend to no beneficial end. We regard this bail bond a substantial

compliance with our statute, supported by authority, and it must therefore be held valid and binding.

The judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*