## JAMES M. PETTY

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield October 6, 1886.*

1. RECOGNIZANCE—*requisites—as to the court, and the term at which to appear.* While it may be, a recognizance which wholly fails to specify the court and the term of the court at which the principal is required to appear, would be deemed to be void, yet it is not essential to the validity of the recognizance that the legal, technical name of the court shall appear. It will be sufficient if the court is so described that the accused may know the one intended.

2. A recognizance taken in Adams county was conditioned that the accused should appear "before the *criminal* court of said county * * * on the first day of the next term thereof, to be holden in the court house in Quincy, on the third Monday of January, 1885." By an order of court, the January term of the *circuit* court, which commenced on the third Monday of January, was set apart as a criminal term exclusively. But there was no court in that county technically known as the criminal court: *Held,* that under sections 9 and 18, division 3, of the Criminal Code, the defect of form in not giving the true legal name of the court did not render the recognizance void, it being evident that the circuit court was the court intended.

3. SCIRE FACIAS *on recognizance—to whom to be directed—of service out of the county.* There is no provision of law requiring a *scire facias* upon a forfeited recognizance to be sent out of the county in which the court is held, for service, and it is properly directed to the sheriff of that county for service therein.

4. Nor is there any law authorizing a sheriff to serve the *scire facias* issued upon a forfeited recognizance outside of his county, and without an express provision of the statute to that effect he has no right to do so. Therefore, such process will not be void because it directs the sheriff to serve the defendants if found within his county.

5. SAME—*effect of one nihil, as being equivalent to actual service.* Under a former statute, actual service, or the return of two *nihils,* was necessary to give the court jurisdiction of the persons of the defendants in a proceeding to enforce collection of a forfeited recognizance, but under the present statute one *nihil* is sufficient, and is equivalent to actual service.

6. SAME—*variance between the writ and the recognizance, as to the term at which to appear.* An averment in a *scire facias,* on a recognizance, that the accused was recognized to appear in the court to answer a criminal charge "on the first of the *then next* term of the said court," where certain terms of the

court are set apart exclusively for civil business, and other terms for criminal matters, will be *held* to mean the first or next term at which, under the law and rules of the court, the accused could be lawfully tried, and hence a recognizance conditioned for the appearance of the accused on the first day of a given term, which is in fact the next term for criminal business, will not be variant from the averment.

7. COURTS—*designating terms for criminal business, and for the civil docket.* Under section 91, chapter 37, of the Revised Statutes, a circuit judge is authorized to designate, by an order to be entered of record, what term or terms shall be devoted exclusively to criminal business, and what to civil business only, and to direct that all process, etc., shall be made returnable to the appropriate terms as thus designated.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Adams county; the Hon. WILLIAM MARSH, Judge, presiding.

Mr. J. N. SPRIGG, and Messrs. CARTER & GOVERT, for the appellant:

The writ of *scire facias* addressed to the sheriff of Adams county, and the return thereon, should be quashed. Rev. Stat. chap. 38, sec. 310.

The *scire facias* is a judicial writ, founded upon matter of record, and must pursue the terms of the record. *Hicks* v. *State*, 3 Ark. 313.

A variance between the record declared on and the one introduced in evidence is fatal. *Giles* v. *Shaw*, Breese, 87.

The recognizance offered in evidence is void. *Coleman* v. *State*, 10 Md. 168; *State* v. *Johnson*, 13 Ohio, 176; *State Treasurer* v. *Danforth*, Brayt. (Vt.) 140; *Corne* v. *Bolton*, 1 S. & R. 328; *State Treasurer* v. *Wells*, 27 Vt. 376; *State* v. *Sullivan*, 3 Yerg. 281; *Butler* v. *State*, 20 Miss. (12 S. & M.) 470; *Adams* v. *People*, 12 Bradw. 380; *Manes* v. *People*, 20 Texas, 38; *Coleman* v. *Edwards*, 4 Bibb. 357.

It was not conditioned for appearance at the next term of the circuit court, after the same purports to have been entered into. Rev. Stat. chap. 38, sec. 294; chap. 37, sec. 78.

It is also a variance from the recognizance averred in the *scire facias.*

It is not conditioned for appearance at the same court. *State* v. *Johnson,* 13 Ohio, 176.

It purports to be sealed, and is not averred to be under seal in the *scire facias.* *McFaddon* v. *Fortier,* 20 Ill. 509; *Chilton* v. *People,* 66 id. 503.

The supposed forfeiture offered in evidence is in the nature of a final judgment, and is a variance from the averment in the *scire facias.* *Sans.* v. *People,* 3 Gilm. 331; *Kennedy* v. *People,* 15 Ill. 418; *Banta* v. *People,* 53 id. 436; *Weese* v. *People,* 19 id. 643; *People* v. *Watkins,* id. 120.

Mr. Oscar P. Bonney, States Attorney, for the appellee:

The writ of *scire facias* was properly addressed to the sheriff of Adams county. Rev. Stat. chap. 38, sec. 310.

The return of the sheriff, indorsed thereon, was sufficient and proper. *Chickering* v. *Failes,* 26 Ill. 507.

There were no defects apparent upon the face of the *scire facias* to Adams county, or the return thereon. Rev. Stat. sec. 310, chap. 38.

The demurrer to the third plea was properly sustained, because the *scire facias* issued upon a record which shows that the recognizance was taken, approved and certified, and the plea seeks to contradict the record. It amounts to a plea of *nul tiel record,* and is not good pleading. *Mooney* v. *People,* 81 Ill. 135.

That the recognizance was delivered to the clerk of the court before which the accused was bound to appear, is a question which can not be raised except by plea of *nul tiel record.* *Bulson* v. *People,* 31 Ill. 409.

The proceeding by *scire facias* in this case could be maintained only in the court in which the recognizance was taken or acknowledged, or to which it was by law returnable. *Crisman* v. *People,* 3 Gilm. 351; *Adams* v. *People,* 12 Bradw. 380;

*Commonwealth* v. *Downey,* 9 Mass. 520; *Commonwealth* v. *Duggett,* 16 id. 447.

The pleadings determine what the issue is. In this pro-ceeding it is formed on the replications to the pleas of *nul tiel record.* That issue is properly determined by the court from an inspection of the record. 1 Chitty's Pl. 557, 600; 3 id. 994, 1181; 8 Serg. & Rawle, 293.

Any defect in the return of the officer, or the service of the writ, has been cured by the appearance of the defendants. *Smith* v. *Byrd,* 2 Gilm. 412; *Radcliff* v. *Noyes,* 43 Ill. 318; *Bills* v. *Stanton,* 69 id. 51; *Abbott* v. *Sample,* 25 id. 107; *O'Brien* v. *Haynes,* 61 id. 494; *Wesson* v. *Cone,* 86 id. 46.

The execution of the recognizance admits the official character of the party taking the same. *People* v. *Meacham,* 74 Ill. 292.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

On the 18th day of October, 1884, before John A. Allen, a justice of the peace of Adams county, Thomas J. Petty, as principal, and James M. Petty, as surety, entered into a re-cognizance to the People of the State of Illinois, in the sum of $1000, conditioned as follows:

"The condition of this recognizance is such, that if the above bounden Thomas J. Petty shall personally be and appear before the criminal court of the said county of Adams on the first day of the next term thereof, to be holden in the court house in Quincy, on the third Monday of January, A. D. 1885, and from day to day, and from term to term, thereafter, until discharged by order of said court, then and there to answer to the said People of the State of Illinois, on said charge of larceny of a horse, and then and there answer and abide the order and judgment of said court, and thence not depart the same without lawful permission, then, in that case, this recognizance to become void, otherwise to remain in full force and virtue."

This recognizance was filed in the Adams circuit court on the 19th of December, 1885, and at the May term of said court, to-wit, on the 23d day of May, 1885, the accused not appearing, said recognizance was adjudged and declared forfeited, and an order to that effect was duly entered of record. On the 4th of August, 1885, a writ of *scire facias* was issued upon said judgment of forfeiture, directed to the sheriff of said Adams county, for service, and the same was by him subsequently returned into said court with the following indorsement thereon:

"I can not in my county find the within named Thomas J. Petty and James M. Petty, as I am within commanded. This 21st day of September, A. D. 1885.

BEN HECKLE, *Sheriff of Adams county.*"

The appellant, James M. Petty, alone appeared and plead to the *scire facias.* A motion to quash having been overruled, the defendant interposed, altogether, twelve pleas to the *scire facias.* Issues of fact were formed upon the first, second, fifth and sixth, all of which were determinable by the record. Demurrers were sustained to the remaining pleas. When the cause was reached, upon the call of the docket, the court, upon an inspection of the record, found the issues in favor of the plaintiff, and thereupon entered judgment against the defendants, and in favor of the People, for the sum of $1000, the amount specified in said recognizance, and costs of the proceeding, which, on appeal, was affirmed by the Appellate Court for the Third District. The inquiry here is, whether the record of the proceedings in the circuit court discloses any errors of law for which the judgment in that court should have been reversed by the Appellate Court.

It is first objected, that the circuit court erred in overruling the motion to quash the *scire facias,* and the return thereon. It is insisted the writ is void, because it, in express terms, confines the sheriff, in making service, to the limits of his own

county, and that the return is insufficient because, for aught that appears from it, the sheriff might have found and served the defendants within the State, though outside of Adams county. This view of the matter is without force. The procedure in cases of this kind, so far as the issuing, service and return of the writ are concerned, is governed by the 369th section of the Criminal Code. (Starr & Curtis' ed. Rev. Stat. 837.) That section directs, that "the court, upon declaring the recognizance forfeited, shall issue a *scire facias* against the principal and his sureties, returnable on the first day of the next term of the court, to show cause why such judgment should not be rendered against such person and his sureties for the amount of the recognizance, which *scire facias* shall be served by the sheriff of the county where the court is held, upon such person and his sureties, at least five days before the first day of the term to which the same is returnable, and in case the person aforesaid can not be found by the sheriff, he shall make return of that fact to the court. The court shall thereupon enter judgment, by default, against the defendants, for the amount of the recognizance, unless the defendants shall appear and defend such cause," etc. There is no provision of law requiring the *scire facias* to be sent outside of the county in which the court is held, for service. Nor is there any law authorizing a sheriff to serve it in any other county than his own, and without an express provision of the statute to that effect he clearly would have no right to do so. The return of the sheriff, therefore, was entirely proper. Under a former statute, actual service, or a return of two *nihils*, was necessary to give the court jurisdiction of the persons of the defendants. One, however, is now sufficient, and is equivalent to personal service. We see nothing defective, or even irregular, in the respects mentioned.

As to the ruling of the court in respect to the several pleas to which a demurrer was sustained, we think the appellant has no ground to complain. Without going into detail, it may be

said, in general terms, that in so far as those pleas were not mere attempts to impeach a record, which, of course, can not be done by mere averment, the matter set up in them was clearly covered by the other pleas upon which issues were formed and passed upon by the court, and consequently the appellant could not have been injured or prejudiced by the ruling in question.

It is next contended, there is a variance between the *scire facias* and the recognizance, in this, that the former charges that Petty, the defendant, was required by the recognizance to appear in said court to answer said charge *"on the first day of the then next term* of the circuit court to be held in said county of Adams,"* etc., whereas the recognizance, which, as will be remembered, was given on the 18th of October, 1884, required the defendant to appear at the January term, 1885, notwithstanding there was an intervening term, commencing on the 27th of October, 1884, only nine days after the taking of the recognizance. If nothing further appeared, this point would seem to be well taken. It appears, however, that the circuit court of Adams county, at its September term, 1879, made and caused to be entered of record the following order:

"Ordered, that hereafter no grand jury will be required for the March, June and October terms of this court, the same being hereby dispensed with at each of said terms, and that no People's docket be made up by the clerk for the use of the court or bar, nor any criminal case or proceeding placed upon any docket for trial or action to be had herein at either of said terms of court, and that all process that may issue, and all proceedings to be had in any civil matter or cause, shall be made returnable to and done at said March, June and October terms, respectively. And it is also ordered that the January, May and September terms of this court be devoted to criminal business exclusively, or to the trial and disposition of such cases and proceedings as are usually placed upon the People's docket; that all writs, subpœnas, recognizances,

appeals, and proceedings in or relating to the same, shall be made returnable to and done at said January, May and September terms, respectively, and no civil proceeding shall be placed on the docket for trial, or any action be had therein, at such January, May and September terms, or either of them ; and all such causes or proceedings as may be pending at the September term, 1879, shall, without any special or further order therein, stand continued until the October term, 1879 ; and it is further ordered that said March, June and October terms of this court shall be devoted exclusively to civil business."

The power to make this order is clearly conferred by the 91st section of chapter 37 of the Revised Statutes. (Starr & Curtis' ed. 713.) Indeed, the authority of the court to make it is not questioned. In passing upon the question under consideration, this order, and the section of the statute just referred to, must be considered in connection with section 369 of the Criminal Code, above cited. Construing the averment in the *scire facias* in the light of these sections of the statute, and the order of the court in question, we do not think it would be going beyond the bounds of fair and legitimate construction to say that the words, "on the first day of the then next term," etc., must be taken to mean "the first or next term," etc., at which, under the law and rules of court, the accused could be lawfully tried or compelled to answer. For the purposes of the offence the accused was recognized to answer, the intervening October term was the same as no term at all, and, as already indicated, we think it should be so treated in construing the averment in question. Taking this view of the matter, it follows the recognizance was properly admitted in evidence.

The only remaining point urged as a ground of reversal, which we deem worthy of special notice, is one which assails the validity of the recognizance itself. By recurring to the condition of the recognizance, as above set forth, it will be

perceived that it does not, in express terms, require the accused to appear before the circuit court of Adams county. The exact language used is, that he "shall personally be and appear before the *criminal* court of said county of Adams on the first day of the next term thereof, to be holden in the court house in Quincy on the third Monday of January, 1885." This court will take judicial notice that there is no court in Quincy, or Adams county, called or known as the criminal court of Adams county. The word "criminal," therefore, must have been used in that connection to *describe* the court, rather than to designate it by its supposed name, the word having reference to the character of the business,—that is, criminal business,—to be transacted at the term of the court to which the accused was required to appear. We do not doubt at all that a recognizance which does not in substance specify the court, and the term of the court, at which the accused is required to appear, is inoperative and void for that reason, yet we think this may be done without giving the technical name of the court by which it is legally called and known. In the present case, it must be conceded the legal and technical name of the court does not anywhere appear in the recognizance. The object of naming the court is obviously to enable the accused to know of a certainty before what tribunal he must appear. This would seem almost indispensable where two or more courts exercising the same jurisdiction are in session at the same time and place. But after all, if in any case sufficient appears in the recognizance to enable the accused to know, beyond a reasonable doubt, the tribunal before which he is required to appear, the object of naming the court in express terms is fully answered, whether so named or not. Such, we are of opinion, is the case here. The time and place of appearing are specifically stated in the recognizance, and no other court recognized by law having power or jurisdiction to hear or determine a charge of horse stealing could lawfully have been in session, or entitled to

convene at that time and place, except the circuit court of Adams county. Had the accused appeared at the time and place specified in the recognizance, about which there was no uncertainty whatever, he would have found that court,— the only one in the world authorized to hear and determine the charge against him,—in session, ready to consider the charge in due course of business. We are satisfied the accused has not been misled by reason of the alleged defect in the recognizance, and to allow the objection to prevail, would be, in our judgment, to defeat the ends of justice by a mere technicality. This ought not to be done. The tendency of legislation, as well as the decisions of the courts, is to have legal controversies of all kinds disposed of on their merits, and not upon mere technicalities.

The view we have taken of this case comes not only within the spirit but the very letter of sections 361 and 370 of chapter 38 of the Revised Statutes, and is fully warranted by the provisions of those sections.

The judgment will be affirmed.

*Judgment affirmed.*