# JOHN ALLEN

## v.

# THE PEOPLE OF THE STATE OF ILLINOIS.

*Criminal Law—Concealed Weapons—Bail — Forfeiture — Proceedings against Surety—Indictment—Recognizance —Variance as to Name and Court—Evidence—Scire Facias.*

1. Upon a writ of *scire facias* issued upon a judgment of forfeiture against the principal and surety named in a recognizance, it is *held:* That the fact that the *scire facias* referred to said principal by his full name, while the recognizance gave his surname and the initial of his given name, the same being so signed by him, does not constitute a fatal variance; and that evidence was properly admitted to show that the person indicted and convicted was the person named in the recognizance.

2. A recognizance is sufficient which sets forth before what tribunal the accused is required to appear with such correctness as to name as will enable him to know, beyond a reasonable doubt, where and when his presence is required.

3. In the case presented, the recognizance requiring an appearance at the next term of the Circuit Court, while the *scire facias* averred that the appearance was required to be at the next term of the County Court, the variance was of no importance as it is clear that the accused was not misled and that the County Court was the proper tribunal.

[Opinion filed January 10, 1889.]

APPEAL from the County Court of Pope County; the Hon. GEORGE A. CROW, Judge, presiding.

Mr. W. S. MORRIS, for appellant.

Mr. JAMES A. ROSE, for appellee.

GREEN, P. J. This writ of *scire facias* was issued upon a judgment of forfeiture against William H. Durbin, principal in the recognizance, and appellant, his security; the latter alone appeared and pleaded to the *scire facias, nul tiel record.* A trial upon this issue was had. The court entered

judgment against defendants for $100, the amount named in the recognizance, and Allen brings up the record by appeal, and asks to have said judgment reversed.

The first objection urged is that in the *scire facias* it is averred the condition of the recognizance required *William H. Durbin*, personally to be and appear, etc., and the court, over the objection of appellant, improperly admitted in evidence an instrument purporting to be a recognizance, signed *W. H. Durbin*, and conditioned for the appearance of said bounden *W. H. Durbin*, and that it nowhere appears by this record that the identical William H. Durbin, who was indicted in May, 1887, and was tried and defaulted after verdict and before judgment, in July, 1887, signed the recognizance in question by the name of W. H. Durbin. We do not perceive any good reason for sustaining this objection. It is averred in the *scire facias* that *William* H. Durbin was indicted at the May term, 1887, of the Circuit Court, for the same offense for which he was tried and convicted at the July term, 1887, of said County Court; that *said* William H. Durbin was ordered by the court to give bail, with approval and good security, in the sum of $100 for his appearance at the next term of the Pope County Court, to appear and answer said charge, and do and receive what might then and there be enjoined upon him; that afterward on *June 30th, said* William H. Durbin being lawfully in custody of James K. Floyd, sheriff of said county of Pope, personally came *said* William H. Durbin, *by the name of W. H. Durbin,* as principal, and John Allen as security, and then and there entered into the recognizance by them duly signed, etc., which said recognizance was then and there taken by said James K. Floyd, sheriff, having lawful authority, etc., and was afterward, on the 11th day of July, 1887, certified, approved and entered by said sheriff in the office of Pope County Court. The plain legal significance of these averments is that the same William H. Durbin who was indicted, was ordered to enter into recognizance, was arrested, and by the name of W. H. Durbin not only personally came before the sheriff but by the name of W. H. Durbin, as principal, signed and delivered said recog-

nizance to the sheriff. The proof in support of these aver-
ments is the recognizance dated June 30, 1887, which recites
that on that date personally appeared before J. K. Floyd,
sheriff of said county, W. H. Durbin and John Allen,
and jointly and severally acknowledged themselves to be
indebted, etc., in the sum of $100, etc., conditioned, that
whereas a true bill of indictment was found against the above
bounden W. II. Durbin by the grand jury of said county, at
the May term, 1887, of the Circuit Court, and it was adjudged
and required by said court that W. II. Durbin give bonds,
etc., and if the above bounden W. H. Durbin shall personally
be and appear before the Circuit Court of said county of
Pope, on the first day of the next term thereof, to be holden
in the court house, in Golconda, in said county, on the 11th
day of July, 1887, and from day to day and from term to
term, etc., until the final sentence or order of the court, then
and there to answer the people on the said indictment for
carrying concealed weapon, and then and there to abide such
final sentence or order of said court, and not depart the same
without leave, then the recognizance to be void, etc. This
instrument is under seal, and signed, " W. H. Durbin," "John
Allen." On the left hand lower corner of it is written:

"Taken, entered into and approved before me this 20th day
of June, 1887."

"William Anderson.
" James K. Floyd, Sheriff of Pope County."

It is indorsed by the county clerk, " Filed, Dec. 12, 1887."

The indictment, with the certificate of circuit clerk attached,
certifying the same by order of court to the County Court for
process and trial, the *capias* issued from the County Court
and return thereon of the arrest of the accused, were also read
in evidence, and it further appears by other testimony, ob-
jected to by defendant but properly admitted, that W. H.
Durbin was the same person who, as William H. Durbin, was
indicted for carrying concealed weapon, and appeared in person
and by attorney at the trial of said indictment, was convicted,
and when called to receive sentence upon such conviction

came not, but had fled and departed the court without leave
and was defaulted.   It was further shown the surety, John
Allen, said if he had known he would have had so much
trouble he would not have signed the bond with Mr. Durbin.
It thus sufficiently appears by the record that the W. H.
Durbin who entered into the recognizance was the identical
William H. Durbin who was indicted in May, 1887, and was
tried and defaulted after verdict, and who entered into and
delivered said recognizance by the name of W. H. Durbin.

The question of variance in names, urged as an objection to
the admission of evidence in like cases, has been passed upon
quite often by our Supreme Court.   In O'Brien v. People,
41 Ill. 456, the *sci. fa.* averred *Sylvester* Empie, as principal,
was described in the body of the recognizance as *John* Empie
by mistake of the one who drafted it, and the intent and
meaning was to secure the appearance of Sylvester.   The con-
dition of the recognizance read in evidence was that *John*
Empie was to appear.   It was insisted on behalf of appellants,
the sureties, that as the principal was described in the recog-
nizance as John, and it was signed by Sylvester, the people
could not recover; that Sylvester had not entered into the
recognizance to appear himself, but only that John Empie
should appear, and as to him there had been no forfeiture, and
it could not be averred and proved that Sylvester was the princi-
pal who executed the recognizance.   The Supreme Court held
it was not error to admit the instrument in evidence to be con-
sidered, under said averment, with the other evidence that
Sylvester Empie executed the recognizance and was described
in the instrument by the name of John Empie.

In Lytle v. People, 47 Ill. 422, the objection was that in
the body of the recognizance the name of principal was writ-
ten *Little*, and it was signed *Lytle;* that there was no judg-
ment of forfeiture against the *principal;* hence, no execution
could be awarded; that the recognizance was against Little
and not against *Lytle*, and the process, orders and proceedings
should have been against Little: *Held*, there was no force in
the objection that the court must presume Lytle signed the
recognizance by his true name, and the variance between the

two names is so slight as to indicate they were both designed to represent the same person, and the recognizance must be held binding on the parties executing it. Had the name in the body of the instrument been so different from that of the one signing it as to indicate the one executing it was not the same, but a different person, then the *sci. fa.* should have contained an averment that the person was described in the instrument by one name and executed it by another. The court say also if such objections are permitted to avail the accused, instruments containing such variances might be imposed on careless and confiding officers to the obstruction of justice. Having obtained his liberty by the use of such instrument, the accused or his bail should not be permitted to escape the liability that was intended to be incurred, unless there should be some substantial defect. See also Mooney v. People, 81 Ill. 134.

The only other objection necessary to notice or discuss, is that the condition of the recognizance required the accused to appear at the next term of the *Circuit* Court, hence there was a variance between the condition thus written and the condition as averred in the *sci. fa.*, which was that the accused was required to appear at the *County* Court on the first day of the next term thereof. This objection is similar to one made and overruled in the case of Petty v. People, 118 Ill. 148.

The *sci. fa.* averred the accused was recognized to appear before the *Circuit* Court of Adams county, while the condition of the recognizance read in evidence was that the accused personally be and appear before the *Criminal* Court of said Adams county, on the first day of the next term to be holden in the court house in Quincy, on the third Monday in January, 1885. In the opinion it is said: " This court will take judicial notice there is no court in Quincy or in Adams county called or known as the Criminal Court." " The word *criminal*, therefore, must have been used in that connection to *describe* the court rather than to designate it by its supposed name, the word having reference to the character of the business, that is, criminal business, to be transacted at the term of the court at which the accused was required to appear. We do not

doubt at all that a recognizance which does not in substance specify the court and the term of the court at which the accused is required to appear is inoperative and void for that reason, yet we think this may be done without giving the technical name of the court by which it is legally called or known." "The object of naming the court is obviously to enable the accused to know of a certainty before what tribunal he must appear. This would seem indispensable where two or more courts, exercising the same jurisdiction, are in session at the same time and place; but after all, if in any case sufficient appears in the recognizance to enable the accused to know beyond a reasonable doubt the tribunal before which he is required to appear, the object of naming the court in express terms is fully answered, whether so named or not." And after stating, " the time and place are stated in the recognizance," the court proceeds: " And no other court recognized by law, having jurisdiction to hear and determine said criminal charge, could lawfully have been in session or entitled to convene at that time and place, except the Circuit Court of Adams county. We are satisfied the accused has not been misled by reason of the alleged defect in the recognizance, and to allow the objection to prevail would be, in our judgment, to defeat the ends of justice by a mere technicality; this ought not to be done."

Applying the rule and doctrine so announced to the case at bar, we have no difficulty in reaching the conclusion that the objection last insisted 'on by appellant is without merit. The time and place in the recognizance in question are both specifically named, viz.: In the court house in Golconda in said county of Pope, on the first day of a term of court to be there holden on the 11th day of July, 1887. We take judicial notice that no court, other than the County Court of said Pope county, then and there having jurisdiction to try said criminal charge against said William H. Durbin, could lawfully have been entitled to convene at that time and place. We are satisfied the accused was not misled by reason of the alleged defect in the recognizance, but by the record it is shown he knew the court before whom he was to appear, and

O. & M. Ry. Co. v. The People.

the time when and the place where he was required to appear, and acted upon such knowledge by appearing in person at said County Court, at the term, time and place recited in the recognizance, was tried upon said criminal charge and convicted, and violated the condition of his bond by not abiding the final sentence of the court, and by departing the same without leave. In this state of facts, to allow the objection to prevail and permit a convicted criminal and his surety to escape the liability incurred by his default, and intended to be incurred in case he did make such default, would be to defeat the ends of justice, and a plain, inexcusable dereliction of duty.

We find no sufficient ground for reversing the judgment appealed from, and the same is affirmed.

*Judgment affirmed.*