**The People of the State of Illinois, Appellee, v. John Rubright et al., Appellants.**

**Gen. No. 5453.**

1. RECOGNIZANCES—*what not defense to action upon.* A person under a recognizance to appear and answer a charge against him cannot disregard his obligation to appear, and afterwards, in a *scire facias* proceeding upon the forfeited recognizance, attempt to justify his default on the ground that the statute upon which the charge was based is unconstitutional.

2. RECOGNIZANCES—*when refusal to set aside default not error.* A motion to set aside a default entered upon a recognizance is addressed to the sound legal discretion of the trial court and the exercise of such discretion will not be interfered with in the absence of a showing of abuse.

3. FISH—*jurisdiction of charge of killing, by use of dynamite.* Of such a charge both justices of the peace and the county courts have jurisdiction.

4. JUDGMENTS—*what does not aid.* A bill of exceptions cannot aid the record as to the judgment for the reason that the record must contain the judgment of the court while the bill of exceptions is only the statement of the parties.

5. JUDGMENTS—*when void.* An entry as follows: "Judgment on verdict for $200 and costs," is void as it does not purport to be for or against any party; *held*, that such entry was likewise void as a judgment because it did not correspond with the verdict rendered.

Appeal from the County Court of Whiteside county; the Hon. HENRY C. WARD, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed March 16, 1911.

**Statement by the Court.** On September 16, 1908, at the law term of the County Court of Whiteside

county, H. H. Waite, the state's attorney, filed an information against John Kirby, Wilber Holmes and John Rubright charging them with killing fish in Elkhorn Creek by the use of dynamite. The court fixed the bail for each defendant at the sum of $200. The defendants were arrested under the warrant issued and gave bail to the sheriff. The recognizance of Rubright was signed by Thomas McCue as surety. On September 24, the defendants entered a plea of not guilty and the cause was continued to October 9th upon the motion of the state's attorney. Before October 9th the defendants were notified that they need not appear on that day as the cause would again be continued, and the case was continued to October 16. On October 16 the case was again continued until October 26th, at eleven o'clock. On October 26, the case was called at 1:30 o'clock; the defendant Rubright not appearing he and his surety were defaulted; a judgment was entered against them for $200 and execution awarded. The other defendants appeared at that time and a *nolle pros* was entered by the state's attorney as to them. On November 16 Rubright and his surety appeared and made a motion to quash the execution and set aside the judgment and default. Thereupon the execution was quashed, the judgment vacated but "the order of default was allowed to stand" and a *scire facias* ordered. On December 14, counsel for defendant Rubright having been elected state's attorney, Waite the attorney who filed the information was appointed to prosecute. Thereafter Rubright and McCue paid the costs and renewed the motion to set aside the default, including with it a motion to vacate the order for a *scire facias*. Afterwards on a trial on the information, the defendant was found not guilty. The court then overruled the motion to set aside the default and to vacate the order for a *scire facias*. The defendants filed various pleas to the *scire facias,* to some of which a demurrer was sustained and issues were joined on the others. On a

trial before a jury the records shows the "jury return a verdict into court finding issues for the plaintiff;" a motion for a new trial was overruled and an entry made, "Judgment on the verdict for $200 and costs." The defendants appealed to the Supreme Court and that court on October 26, 1909, ordered the case transferred to this court (241 Ill. 600), but for some reason the record was not filed here until October 24, 1910.

C. L. and C. E. SHELDON, for appellants.

W. H. HEAD, JOEL C. FITCH and HARRY H. WAITE, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Appellants contend that the statute under which the information was filed is unconstitutional and that the taking of the bond was illegal and therefore void. The Supreme Court has passed on that question and said that a person under a recognizance to appear and answer a charge against him cannot disregard his obligation to appear, and afterwards, in a *scire facias* proceeding upon the forfeited recognizance, attempt to justify his default on the ground that the statute upon which the charge was based is unconstitutional, and for that reason it directed the case to be transferred to this court. People v. Rubright, 241 Ill. 600.

It is next contended that by the statute for the propogation and protection of fish, justices of the peace are given exclusive jurisdiction over offenses in violation of the act. Chapter 56, sec. 4a. Chapter 37 of the statutes, title Courts, provides that "County courts shall have concurrent jurisdiction with the circuit courts in all that class of cases wherein justices of the peace now have or may hereafter have jurisdiction, when the amount claimed or the value of the property in controversy shall not exceed $1,000 * * * and in all criminal offences and misdemeanors where

the punishment is not imprisonment in the penitentiary or death, all of which shall be cognizable at the law terms hereinafter mentioned.'' The offense charged in the information is punishable by a fine of not less than $100 nor more than $200 or imprisonment in the county jail not more than six months, or both. It is one of that class which by general law is cognizable in county courts and may be prosecuted by information or before a justice of the peace. Cornshock v. People, 56 Ill. App. 467.

It is also assigned for error that the court erred in refusing to set aside the order of default. That was a matter addressed to the sound legal discretion of the trial court. The appellants did not save that question for review by a bill of exceptions showing the proof made on the motion. Consequently we cannot say that the court erred, but must presume that appellants did not make a sufficient showing to excuse the failure to appear at the time to which the case was continued, or that the showing of the defendant was overcome by counter affidavits.

At the trial in March, 1909, upon the issues made on the *scire facias,* the appellants offered in evidence certain affidavits which they allege were presented on the motion to set aside the default. The court properly excluded them as they did not present any defense to the *scire facias.* By that means, however, such motions and affidavits became incorporated into the bill of exceptions taken at the trial, and we can see what they purported to show, but we cannot review the action of the court on the motion. If these affidavits were presented on that motion and were the only affidavits on that question, then had the question been saved for review we should have held that in the exercise of a sound discretion the court should have vacated the default.

It is further contended the default should have been set aside because it was prematurely taken. The condition of the bond is ''that if the above bounden John Rubright shall personally be and appear before the

judge of the County Court in and for the county of Whiteside and State of Illinois, on the first day of the next term thereof, to be holden at the court house in Morrison on the 21st day of the month. of September, 1908, and from day to day,'' etc. Appellants insist that Rubright did not have to appear before the December term and that the default taken October 26th was premature. The bond is somewhat uncertain. The defendant did appear on September 21 and October 9, but did not appear on October 16 or on October 26 until after the default. All the parties to the bond construed it the same way, that Rubright was to appear during the September term. The recognizance required the defendant to appear on the 21st day of September and from day to day, etc., and upon his failure to so appear the default was properly taken. Petty v. People, 118 Ill. 148; Allen v. People, 29 Ill. App. 555. The bill of exceptions shows a proper verdict and judgment but the record shows a verdict that does not fix any amount and the judgment, if it can be called a judgment, is informal. The bill of exceptions cannot aid the record as to the judgment, for the reason that the record must contain the judgment of the court, while the bill of exceptions is only the statement of the parties. O'Donnell v. Quinn, 100 Ill. App. 5; Riva v. City of Spring Valley, 129 Ill. App. 167. The entry which appellee claims to be a judgment is ''judgment on the verdict for $200 and costs.'' This does not purport to be for nor against any party and the $200 is not mentioned in the verdict. This is clearly insufficient to constitute a judgment. Martin v. Barnhardt, 39 Ill. 9; Faulk v. Kellums, 54 Ill. 188; Meyer v. Village of Teutopolis, 131 Ill. 552; Metzger v. Morley, 184 Ill. 81; Santa Clara Lumber Co. v. Prescott, 238 Ill. 625; Fitzsimmons v. Munch, 74 Ill. App. 259.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*