People of the State of Illinois, Plaintiff-Appellee, v. Walter A. Clinnin and Charles Cohn, Defendants, Charles Cohn, Defendant-Appellant.

**Gen. Nos. 10,078, 10,079, Consolidated.**

Third District.

January 17, 1957.

Rehearing denied February 5, 1957.

Released for publication February 5, 1957.

George M. Crane, of Chicago, for defendant-appellant, Charles Cohn.

Joseph L. Rosenberg and Hilmer C. Landholt, both of Decatur, special attorneys for the People.

JUDGE ROETH delivered the opinion of the court.

These two cases are before this court after being consolidated for purposes of appeal. They involve identical questions upon identical sets of facts. All references in this opinion to one case likewise apply to the other. Because counsel for plaintiff-appellee deemed it necessary to file a supplemental abstract and therein claimed certain inaccuracies and omissions in appellant's original abstract, we have examined the original records filed herein.

From those original records it appears that on April 14, 1955, in Case No. 13865 and Case No. 13866 of the Circuit Court of Macon County, Walter A. Clinnin was indicted in the first case, for forgery of the signature of a public officer and in the second case, for forgery. Bail was fixed at $2,000 in each case and a capias was issued in each case. These capiases were served on May 9, 1955. From the report of proceedings it appears that the defendant was present in open court on that day with his attorney and entered into a personal open court recognizance without security, it appearing that he was already on bond with security under two prior indictments.

Subsequently, on July 1, 1955 Clinnin again appeared in open court and leave was granted to his counsel to withdraw and the Public Defender was named to represent him. Thereupon the court informed him that security on the bonds would have to be furnished and the following colloquy took place between the defendant, the court, appellant Charles Cohn and the special states attorney:

"Defendant: I have a bondsman here.

The court: Have him come forward. Is this satisfactory, Mr. Rosenberg?

Mr. Rosenberg: He qualified on the previous case, and as I understand is a licensed bondsman.

Bondsman (Charles Cohn:) Yes sir.

The court: This is Charles Cohn?

Mr. Rosenberg: Yes, this is the same gentleman.

The court: Is this satisfactory?

Mr. Rosenberg: Yes sir. It appears to be in effect until August 1st, 1955.

The Court: As I see it, the obligation on this bond continues whether they get a new license or not.

(Thereupon, defendant entered into recognizance in open court, in the sum of $2,000, with Charles Cohn as surety.)"

The common law record so far as material to the issue involved in this appeal, reflects the following:

"40th Day May Term, 1955          July 1, 1955

Friday Morning, July 1, 1955

Court met pursuant to adjournment

Present as on 1st day of term.

      The People

13865    v.           Forgery of the Signature
                        of a Public Officer

      Walter A. Clinnin

It is ordered by the court that this cause be and it is hereby alloted for trial on August 8, 1955 at 9:30 A.M.

And the said defendant Walter A. Clinnin together with his surety Charles Cohn and each of them admit and acknowledge each for himself to owe and be indebted unto the People of the State of Illinois in the sum of Two Thousand Dollars ($2,000) lawful money of the United States and to be levied of their respective goods and chattels, lands and tenements if default be made in the following conditions, to-wit: That said defendant Walter A. Clinnin shall personally be and appear before the Circuit Court of Macon County now being holden in the Court House in the city of Decatur from day to day and from term to term and from day to day of each succeeding term and abide the final order and judgment of this court and not depart the

same without leave thereof, then this obligation to be void, otherwise to be and remain in full force and effect."

There also appears in the common law record a printed form of "Recognizance in Open Court" in the body of which, Walter A. Clinnin is named as principal and Charles Cohn as surety but which is signed:

"Walter A. Clinnin
       Principal
The Summit Fidelity and Surety Co.
   Charles Cohn
       Attorney in Fact"

This instrument bears the approving signature of the Trial Judge under date of July 1, 1955 and bears the file mark of the Circuit Clerk under the same date. There was also filed on this date with the Circuit Clerk, a power-of-attorney from The Summit and Fidelity Surety Co. to Charles Cohn authorizing execution of a bail bond on behalf of Walter A. Clinnin for not to exceed $2,000.

On August 8, 1955, the trial date, the defendant failed to appear. The report of proceedings and the common law record both show that Clinnin was three times called and that Charles Cohn was three times ordered to produce Clinnin whereupon the recognizance of Clinnin and Charles Cohn was ordered forfeited and a scire facias ordered to issue against both, returnable on September 12, 1955. The scire facias as issued, recites the giving of a recognizance by Clinnin and Charles Cohn on July 1, 1955 for $2,000, "which said recognizance was duly entered of record in said Court on the day and year first aforesaid," recites the forfeiture and directs both to show cause, on September 12, 1955, why such forfeiture should not be made absolute. The scire facias was served on Charles Cohn personally on August 17, 1955.

On September 12, 1955, Charles Cohn appeared by attorney and filed a verified motion for continuance. No mention is made in this verified motion of The Summit and Fidelity Surety Co., or that Charles Cohn was agent or attorney-in-fact for it. On the other hand the motion alleges among other things:

"2. That the said Walter A. Clinnin was admitted to bail on the 1st day of July, 1955, with Charles Cohn as surety on his bond, which said bond was set at Two Thousand Dollars ($2,000).

4. That thereafter the recognizance of Two Thousand Dollars ($2,000) was declared forfeited and the defendant, Walter A. Clinnin, and Charles Cohn, as surety, were ruled to show cause by September 12, 1955, why the forfeiture of the bond should not be made absolute.

10. That if granted a continuance until November 14, 1955, Charles Cohn respectfully represents that he will produce the body of the defendant in open court on said day; or produce in open court positive evidence of the death of the defendant; or he will appear in open court and pay the judgment and costs on the bond forfeiture."

The motion was granted and the cause continued to November 14, 1955.

On November 14, 1955, present counsel entered his appearance for Charles Cohn and filed an answer to the writ of scire facias. The People then filed a motion to strike the answer and the matter was set for hearing on November 16, 1955. The answer of Charles Cohn alleged that in entering into the recognizance of July 1, 1955 he was acting as agent for The Summit Fidelity and Surety Co., and not in his individual capacity and that the company is the proper party defendant and not himself as an individual. The motion to strike this answer is based upon the fact that the record shows on its face that Charles Cohn individually entered into an

451

open court recognizance and that therefore the answer does not state a defense. At the hearing on this motion counsel for Charles Cohn sought to have produced, the bonds given in the two prior indictments as well as those given before a Justice of Peace, to show the manner in which they had been executed. This motion was denied. The court then examined the record, held that the answer did not set forth a defense, sustained the motion to strike, denied leave to file a further answer and entered an order showing the cause heard on the record and judgment for $2,000 and costs. To reverse that order this appeal was perfected.

Counsel for appellant Cohn makes two principal contentions, (1) that there is a fatal variance between the scire facias and the recognizance, and (2) that the answer raised a question of fact, namely that Cohn did not intend to bind himself personally, to prove which, he was entitled to show that all prior bonds had been executed by Cohn as attorney-in-fact for The Summit Fidelity and Surety Co. Both of these contentions are bottomed on the assumption that there is no record of a recognizance entered into by Cohn individually; that the only record of a recognizance that can be considered is the written one filed and approved July 1, 1955 in the body of which Cohn is named as an individual and which is signed by Cohn as attorney-in-fact for The Summit Fidelity and Surety Company. Hence counsel for appellant Cohn insists in both his brief and reply brief that the answer set up the defense of nul tiel record which is a proper defense to a scire facias action.

██ Certain principles of law applicable to a proceeding of this kind are well established. A suit of this kind is not a suit upon a writing obligatory. It is a suit upon a record. The record imports absolute verity. A recognizance, when entered of record cannot be averred against—it is truth itself. People v. Wat-

kins, 19 Ill. 117; Welborn et al. v. People, 76 Ill. 516; Peacock v. People, 83 Ill. 331. A plea of nul tiel record is a proper plea where there is a variance between the scire facias and the original record. If the scire facias describes a record different from the true record, that fact should be brought to the attention of the court by a plea of nul tiel record. Slaten v. People, 21 Ill. 28; Farris v. People, 58 Ill. 26.

The case of McNamara v. People, 183 Ill. 164, 55 N. E. 625, is probably the leading case in Illinois dealing with procedure and pleadings in an action of this character. This case involved an open court recognizance which had been forfeited. It was there held that the scire facias performed the dual function of process and a declaration; that a scire facias which shows a recognizance properly entered into by the principal and his sureties, a default, judgment of forfeiture and the issuance of the writ, was legally sufficient. The scire facias in the case at bar conforms to these requirements. In McNamara v. People, supra, it was further held that pleas of non est factum, nil debet, and nul tiel recognizance were not good pleas, the basic reason being, that a defendant could not dispute the record by saying that it was not his deed or that he was not indebted or that there was no such recognizance. The case is further authority for the principle that where a plea of nul tiel record is filed the case, from a procedural standpoint, is determined by the court by examination of the record. To the same effect is Petty v. People, 118 Ill. 148, 8 N. E. 304.

■ Counsel for appellant strongly relies upon Neil v. Morgan et al., 28 Ill. 524, Vincent v. People, 25 Ill. 500, and O'Brien v. People, 41 Ill. 456. In Neil v. Morgan et al., supra, a bond was signed by two sureties, whose names did not appear in the body of the bond as recognizors. Recovery was permitted against

the sureties despite this omission. In Vincent v. People, supra, the recognizance as executed by the surety bound him for the appearance of George Vincent and William Kelly. The correct name of the one defendant was William Vincent. Thereafter the Justice of Peace changed the name "George" to "William" in the body of the recognizance. The court held that the Justice of Peace had no authority, without the consent of the surety, to make the change and that if a mistake had occurred it had to be relieved in equity. In the O'Brien v. People case, supra, the recognizance was signed by Sylvester Empie as principal. In the body of the recognizance the principal was designated as John Empie. The scire facias, by appropriate allegations, averred that Sylvester Empie was in fact the principal and that he had been described in the body of the recognizance as John Empie through an error of the scrivener. It was held in this case that the recognizance was admissible in evidence under the averment, to be considered with the other evidence, that Sylvester executed the recognizance and was described in the instrument by the name of John. The court rejected the holding in Vincent v. People, supra, to the effect that resort had to be made to equity, as being too broad a statement. The decision is apparently predicated upon the general rule, that where a person executing an instrument under seal is described therein by a different name, an action may be maintained against him upon the instrument, upon averring in the declaration, and making proof, that he executed the instrument, but was described therein by the name there appearing.

In the case at bar, if the forfeiture had been declared on the written recognizance which is signed by Charles Cohn as attorney-in-fact for The Summit Fidelity and Surety Company and in which Charles Cohn individually is named in the body of the recognizance, these

454

cases would appear to sustain appellant's contention. Such, however, is not the situation in the case at bar.

■ The record does in fact show, an open court recognizance entered into by Cohn individually which is separate and apart from the written recognizance filed with the clerk and signed by him as attorney-in-fact. Counsel for appellant is in error when he says that this is merely a docket entry erroneously made by the clerk. It is not a docket entry, but is the *record,* expanded by the clerk, either from his minutes or the Judge's docket entry, *on the common law record.* It is certified to this court as part of the record in the cause by the clerk. Consequently there is no variance between the scire facias and the recognizance appearing of record and declared upon in this case. The answer of appellant, therefore, did not set up a defense. The trial court was correct in entering the judgment in each case, from which these appeals were prosecuted.

■ Counsel for appellant Cohn finally contends that the trial court erred in refusing to grant his motion for leave to plead over after the motion to strike his answer was sustained. The motion for leave to plead over was oral. The court requested counsel to indicate the nature of the pleading he intended to file. This request was not complied with. While the rules with reference to granting leave to file amended pleadings are quite liberal, and are liberally construed, we cannot say that the action of the trial court was arbitrary.

The judgment of the Circuit Court of Macon County in each case is accordingly affirmed.

Affirmed.