# WILLIAM W. O'BRIEN, *et al.*

## *v.*

# THE PEOPLE OF THE STATE OF ILLINOIS.

1. RECOGNIZANCE — EVIDENCE — *when the specific objection to evidence must be made.* In a proceeding by *scire facias* upon a recognizance, an objection that the recognizance, when offered in evidence, does not appear to have been filed or made a matter of record in the Circuit Court, cannot be availing unless that specific objection is taken ; a general objection to the recognizance will not suffice for that purpose.

2. SCIRE FACIAS ON RECOGNIZANCE — *whether it should appear the principal was indicted.* In such a proceeding, where the recognizance is conditioned for the appearance of the principal at a certain term of the court, " to answer to an indictment to be preferred against him for larceny, and to do and receive what shall, by the court, be then and there enjoined upon him, and shall not depart without leave," it is not necessary to aver and prove that an indictment was ever found, in order to hold the sureties liable.

3. SAME — *variance in the name of the principal, in the body of the recognizance and as signed by him — pleadings and proofs in that regard.* Where the condition of a recognizance provides for the appearance of *John* Empie, and the instrument is signed *Sylvester* Empie, it is competent, in a proceeding by *scire facias* thereon, to aver and prove that *Sylvester* Empie was the principal who executed the recognizance, and was erroneously described in the body thereof as *John* Empie.

4. FORMER DECISION. In the case of *Vincent* v. *The People,* 25 Ill. 500, the rule was inadvertently stated too broadly, in saying the only relief in such case was in equity.

5. JUDGMENT *without service — who may object.* Where a *scire facias* on a recognizance was served upon the sureties only, and not upon the principal, the objection that judgment was taken against the principal as well as the sureties, cannot be made by the latter; it is such an error as the principal alone can complain of.

6. RECOGNIZANCE — *as to the character of offense named.* The fact that the principal cognizor had been examined and committed on a charge of burglary, and the recognizance given to release him from that imprisonment provided for his appearance to answer the charge of larceny, cannot avail as a defense by the sureties. It matters not, in such case, whether the principal was examined or not, before the justice who committed him, upon one charge or another.

7. EVIDENCE *under the general issue, in sci. fa. on recognizance.* Pleas to a *scire facias* on a recognizance, that the sureties did not execute the recogni-

zance; did not sign a writing for the appearance of the party, as alleged; and did not execute the recognizance with the intention of securing the appearance of the principal who was described by another name, as alleged, only amount to the general issue, and are obnoxious to a demurrer on that ground.

APPEAL from the Circuit Court of Peoria county; the Hon. M. WILLIAMSON, Judge, presiding.

This was a proceeding by *scire facias* upon a recognizance, which was entered into by Sylvester Empie, as principal, and William W. O'Brien and Thomas Cratty, as sureties. The recognizance was conditioned for the appearance of "John" Empie at the next term of the Circuit Court of Peoria county, on the first day thereof, to answer to an indictment to be preferred against him for larceny, and to do and receive what should by the court be then and there enjoined upon him, and should not depart without leave.

It is averred in the *scire facias* that Sylvester Empie, the principal in the recognizance, was described in the body of that instrument as "John" Empie, instead of Sylvester Empie, and that this misdescription was an error made by the person who drew the recognizance; and that the intent and meaning of the recognizance was to secure the appearance of Sylvester Empie.

The *scire facias* was returned served upon O'Brien and Cratty, the sureties, and not found as to Empie.

The sureties, among other pleas, filed the following:

1. Said defendants, William W. O'Brien and Thomas Cratty, in their own proper person, come and defend the wrong and injury, when, etc., and say that they did not execute the said supposed recognizance as in said *scire facias* alleged, and of this they put themselves upon the country.

2. And for further plea, say the people ought not to recover in this action against them, because they say they did not sign or execute a writing for the appearance of the said Sylvester Empie as in said *scire facias* alleged; and of this they put themselves upon the country.

3. And for further plea they say *actio non,* because they say they did not sign and execute the said supposed recognizance in said *scire facias* mentioned, with intention to sign for and to secure the attendance of said Sylvester Empie instead of John Empie, as alleged in said *scire facias;* and of this they put themselves upon the country.

4. And for further plea they say *actio non,* because they say they did not sign or execute any instrument of writing or recognizance intending to secure the appearance of any person therein named, either Sylvester or John Empie, to answer the charge of burglary instead of larceny; and of this they put themselves upon the country.

A demurrer was sustained to all these pleas. Upon other pleas issues were formed, and a trial by the court resulted in a finding and final judgment against all the defendants. The sureties, O'Brien and Cratty, bring the cause to this court by appeal.

On the trial, when the plaintiffs offered the recognizance in evidence, the sureties made a general objection thereto, only. There is nothing in the record to show that the recognizance was ever filed or became a matter of record in the Circuit Court.

The various questions arising in the case are set forth in the opinion of the court.

Messrs. O'Brien & Cratty, and Messrs. Johnson & Hopkins, for the appellants.

Messrs. McCullock & Taggart, for the appellees.

Mr. Chief Justice Walker delivered the opinion of the Court:

It is urged as a ground of reversal, that there is no evidence that the recognizance was ever filed or became a matter of record in the court below. It is true, that the bill of exceptions fails to show that it was ever filed in the Circuit Court; but no objection was taken to its introduction on that ground.

If the objection existed, as a matter of fact, we can hardly suppose that it would not have been specially made. Finding no such objection in the record, we must conclude that the clerk, in making the transcript of the record, omitted to transcribe the file mark on the original. A general objection only having been made, seems to imply that no specific one existed. The general objection was probably made to raise the question, whether this was a recognizance against Sylvester Empie. If there was no file mark on the recognizance it should have been pointed out, so as to have afforded defendants in error the opportunity of removing the objection by obtaining leave to mark it filed *nunc pro tunc*, if it had been filed in fact.

It is next urged, that it fails to appear that Empie was indicted. Under the condition of the recognizance, and the law, as it has been long, and it is believed uniformly, settled, and as is regarded the doctrine of this court, it is not necessary that it should be averred or proved, that an indictment was ever found, to render the principal and his recognizors liable on a default by the principal. *Chumasero* v. *The People*, 18 Ill. 406; *Garrison* v. *The People*, 21 id. 535. The condition of the recognizance is, that he will appear at the next term of the Circuit Court to answer an indictment for larceny, and to receive what shall be by the court, then and there enjoined upon him, and shall not depart without leave. This recognizance is not only to appear and answer the charge of larceny, but any other that might be preferred, and not to depart therefrom until discharged by the court. One of the objects of a recognizance is to compel the party to appear to answer the specific or any other charge that may be preferred.

It is again insisted, that, as the principal is described in the body of the recognizance as John Empie, and it is signed Sylvester Empie, the people must fail to recover; that the latter has not entered into a recognizance to appear, but only that John should appear, and that there is no forfeiture against him. It is likewise insisted, that it cannot be averred and proved that Sylvester was the principal who executed the recognizance. In the case of *Graves* v. *The People*, 11 Ill.

542, it was held, that a default taken against Harrison Graves did not establish a forfeiture of a recognizance entered into by William H. Graves; but if the facts warranted it, an averment might have been made in the *scire facias*, that Harrison Graves was the person who entered into the recognizance by the name of William H. Graves. In the case of *Garrison* v. *The People*, 21 Ill. 535, the same rule was recognized, and the doctrine of the former case approved.

It is, however, supposed that the case of *Vincent* v. *The People*, 25 Ill. 500, announces a different rule. In that case, the justice of the peace, after the recognizance was executed, without the consent of the recognizors, changed the name of George Vincent, in the condition of the recognizance, to that of William Vincent. This was held to be such an alteration as to render the instrument void, and to release the securities. In that case, it was said that the intent of the parties must be gathered from the instrument itself, and the court could not hear evidence of a mistake, which, if it had occurred, must be relieved in equity. As there was no averment which authorized proof that the party executed the instrument as it appeared after the alteration, but by another name, it would have been improper to receive such evidence. But the rule was inadvertently stated too broadly, in saying the only relief was in equity. We perceive no error in admitting the recognizance in evidence under the averment, to be considered with the other evidence, that Sylvester executed the recognizance and was described in the instrument by the name of John.

It is likewise objected, that the judgment is erroneous because it is against Empie, who was not served with the *scire facias*, as well as against appellants. We perceive no force in this objection, as appellants can in no event receive the least injury, and it is only such an error as Empie himself can urge.

The first, second, third and fourth pleas amount to the general issue, and were obnoxious to a demurrer for that reason. A recognizance is a matter of record, and these pleas are not an answer to the recognizance. It does not matter in

the least whether Empie was examined or not, before the justice of the peace, on one charge or another. The recognizance admits that he had been committed to jail, and it was given to procure his release from custody, and the recognizance is binding although the justice may have described a proceeding for a different crime from the one on which he had been committed.

The judgment of the court below must be affirmed.

*Judgment affirmed.*