## THE NORTHWESTERN DISTILLING COMPANY

### *v.*

### DANIEL R. BRANT.

1.  CORPORATION—*what a good execution of contract.*  The execution of a lease or sealed instrument, by the president of a private corporation, in his own name, *for* the company, will be a good execution by the company, and binding upon it, and not upon the president.

2.  CONTRACT—*rule for ascertaining real parties.*  Where it becomes a question whether a contract executed by an officer of a corporation, is

that of the corporation or of the officer, the court will look to the conclusion of the instrument, as well as its commencement, for the description of the parties.

3. In this case, the lease in suit described the president of an incorporated company as the party of the second part, and the covenant sued on was by "the said party of the second part," and the conclusion recited that the parties thereto had set their hands and seals to the same, and the name of the company was written before the second seal, after which was written the words, "by Edward Lawrence, president:" *Held*, that it was competent to allege in the pleadings and show by the proof, that the company intended to make the lease and covenant.

4. MISTAKE IN NAME—*avoided by pleading and proof.* Where a deed is made to a corporation by a name varying from the true one, the corporation may sue in its true name, and aver in the declaration that the defendant made the deed to them by the name mentioned in the deed.

5. And where a person executing an instrument under seal, is described therein by a different name, an action may be maintained against him upon the instrument, upon averring in the declaration and making proof that he executed the same, but was described therein by the name there appearing.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. UPTON, BOUTELL & WATERMAN, for the appellant.

Messrs. BRANDT & HOFFMAN, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of covenant. brought by Brant against The Northwestern Distilling Company, to recover for not restoring certain premises in as good order as when it received them; the action being founded upon a lease commencing as follows: "This indenture, made this 17th day of April, A. D. 1869, between Daniel R. Brant, of the city of Chicago, party of the first part, and Edward F. Lawrence, president of the Northwestern Distilling Company, of the same place, party of the second part." Throughout, the parties are mentioned as of the first or second part, and the pronouns *he, his* or *him* are everywhere used in referring to the party of the second part.

The covenant to restore the premises in good condition, for the alleged breach of which the action is brought, is: "And the said party of the second part further covenants with the said party of the first part, that, at the expiration of the term, he will yield up the demised premises to the said party of the first part in as good condition as when the same were entered upon by the said party of the second part," etc. It concludes, " In testimony whereof the said parties have hereunto set their hands and seals the day and year first above written," and is signed and sealed:

" D. R. BRANT,                    [SEAL.]

" NORTHWESTERN DISTILLING CO.   [SEAL.]

"By *Edward Lawrence, President.*"

The plaintiff recovered in the court below, and the defendant appealed.

The sole question presented by the record is, whether an action of covenant lies against the company on this lease. The whole argument for the appellant turns upon an assumption of fact, that the covenant was made by Lawrence, which we do not consider is well founded. And on that assumption, it is insisted, that it can not be shown, as has been done by the declaration and proof, that the company *intended* to make the covenant; that that can only be done upon an application to a court of equity to reform the contract. The only circumstance which raises any difficulty is, that in the commencement of the lease, Lawrence, president of the company, is described as the party of the second part, and the covenant is by "the said party of the second part." The contract, as claimed, is one made by a corporation, which can act only by its agents; and it is apparent upon the face of the instrument, that Lawrence does not act individually, but as president of the company *for* the company.

Had he executed the instrument in his own name *for* the company, it would have been a good execution by the company. *Wilks et al.* v. *Back,* 2 East, 142 ; *Mussey* v. *Scott,* 7 Cush. 216. The conclusion of a lease, as well as its commencement,

may be looked to for the description of the parties; the conclusion describes them to be those persons who have set their hands and seals to the instrument, and it is the signature and seal of the Northwestern Distilling Company which are set thereto, not those of Lawrence. In an action on a sealed instrument which, in its commencement described Sebre Howard and Hiram Howard as party of the first part, but which was signed by Sebre Howard alone, and suit was brought thereon by him alone, and objection made that Hiram should have joined in the action, the Supreme Court of the United States say: "The descriptive words in the premises of the deed declare Sebre and Hiram Howard to be the party of the first part; but inasmuch as Hiram did not seal the deed, he never in truth became a party to the instrument. He entered into no covenant contained in it. The truth is, the descriptive words are controlled by the decisive fact that Hiram did not seal the deed." *Phil., Wilm. and Balt. R. R. Co.* v. *Howard*, 13 How. 337.

The last observation applies with force to the present case. Where a deed is made to a corporation by a name varying from the true name, the plaintiffs may sue in their true name, and aver in the declaration that the defendant made the deed to them by the name mentioned in the deed. *The New York African Society, etc.* v. *Varick et al.* 13 Johns. 39. This court has frequently held, that where a person executing an instrument under seal is described therein by a different name, an action may be maintained against him upon the instrument, upon averring in the declaration and making proof that he executed the instrument, but was described therein by the name there appearing. *O'Brien* v. *The People*, 41 Ill. 456; *Garrison* v. *The People*, 21 id. 535; *Graves* v. *The People*, 11 id. 542. The averments and proof here, sufficiently meet the requirements in those respects, and fully show that the lease was actually made to the distilling company.

In the case of *Douglass et al.* v. *The Branch Bank at Mobile*, 19 Ala. 659, a lease in the body of it purported to be made by

Henry B. Holcombe, assistant commissioner of the Branch Bank of the State of Alabama, at Mobile, and was signed by the corporation, as in this case; an action on the lease in the name of the corporation was sustained; and see *Eastern R. R. Co.* v. *Benedict et al.* 5 Gray, 561, as to the rule in respect to unsealed instruments.

We are of opinion that the action in the present case was well brought against the Northwestern Distilling Company, and the judgment is affirmed.

*Judgment affirmed.*