## THOMAS SNELL

### v.

## JAMES DE LAND.

*Partnership— Dissolution— Partition—Reference to Master—Exceptions—Evidence.*

Upon a bill filed for the dissolution of an alleged partnership, for a partition and division of property on hand, and for an accounting, this court holds, in view of the evidence, which is conflicting, that the parties in question were partners, that there was an agreement between them for compensation to complainant for certain services, and that the decree in his favor can not be interfered with.

[Opinion filed May 24, 1890.]

APPEAL from the Circuit Court of De Witt County; the Hon. CYRUS EPLER, Judge, presiding.

Mr. THOMAS F. TIPTON, for appellant.

Messrs. MOORE & WARNER, for appellee.

PLEASANTS, P. J. The bill herein filed by appellee on August 16, 1883, averred that about January 1, 1875, the parties entered into a copartnership for an indefinite time, for the purpose of buying, selling, improving, farming and leasing land, and doing a general trading business, by which they were to contribute equally in time, labor and money and share equally in profits and losses; that in pursuance thereof, they purchased certain lands described, in Shelby and De Witt counties, 123 mules, and other personal property, consisting of farming implements; that they have expended and received

Snell v. De Land.

large sums of money in and from the business; that complainant has paid more and received less than his share, and defendant has paid less and received more than his share, and that they can not settle the affairs of the copartnership between themselves. It prays for a dissolution, for a partition and division of the property on hand and for an accounting under the direction of the court.

William Metzger was also made a party defendant as mortgagee of a portion of the land. He was defaulted, but his interest was not affected by the decree, and he does not appeal.

The answer of appellant admitted the purchase jointly, of the property mentioned, and for the purposes stated in the bill, but denied that there was ever a partnership in respect to it, or that he was indebted to the complainant on account of it or of any business growing out of it, or had refused to account and settle with him of and concerning the same, and expressed his consent to a partition and division of the property, and to an accounting, as prayed by the bill. He also filed a cross-bill, alleging a balance due him, and the neglect and refusal of the complainant in the original bill to account, and asking affirmative relief.

Under orders entered by consent of the parties, the real estate, and also the mules and other personal property on hand were partitioned and divided, and the incumbrances thereon apportioned between them, to their satisfaction; and a special master, agreed on, was appointed to take the proofs and state the account, which is the only matter now in controversy.

It appears that although during most of the period of their joint ownership the lands were farmed under the sole direction of appellee, there had been no settlement after 1877; and while different items claimed on each side were contested, the sharpest conflict was upon the relations of the parties, as bearing upon the character and extent of appellee's liability for the use of one-half of the lands, whether as tenant, trustee or partner, and his claim to compensation for his services in managing them. Appellant contended that appellee was

not a partner, and therefore was liable to him absolutely for the reasonable rental value of his half, without regard to the actual profits or receipts, and had no claim for services, nor for improvements which he had no right to make; and that if a partner, he had no right to compensation without an agreement therefor. Appellee contended that there was an express agreement for his reasonable compensation, and that, being a partner, he was accountable only for good faith in the management of them, and for net profits actually received. Thus the questions were, whether they were partners, and if so, whether there was an agreement between them for compensation to appellee for the services claimed.

The master disallowed the claim for such compensation, but did not find upon the question of partnership. His report contains two statements of the account. The one based on the assumption that they were partners, shows a balance due to the defendant, appellant, of $56.03; the other, on the assumption that they were not, a balance due him of $4,179.07.

To this report exceptions were filed by each of the parties, none of which were allowed by the master. It is said he declined to pass upon them, for the same reason that he declined to find upon the question of partnership, namely, that he was not by profession a lawyer. The court, however, found from the evidence reported that they were partners and that there was an agreement between them for compensation to appellee for the services mentioned. It was, therefore, ordered that his exception to the disallowance of his claim to such compensation be sustained and the report reformed in that particular, which was done; and on final hearing the report as amended was approved, and the court, further finding that $630 was a reasonable allowance for the services shown, made a decree in his favor against appellant for $573.97, being the amount so allowed less the balance of $56.03 first reported against him. It is said this decree is erroneous on its face; that the $630 is first found to be a reasonable charge against the firm, and then charged against appellant; but we think the language of the decree throughout shows it was a finding as between the partners and not as

Snell v. De Land.

against the firm, and that if appellee was entitled to anything on that ground the amount so allowed was sufficiently moderate.

Counsel insists that the master's report fails to state the account in any proper sense, in that it fails to show specifically what items were allowed and what not; that with the exception of a very few, specifically referred to, it passes upon the bills of particulars of the respective parties in mass, and finds the balance by simple subtraction of the lesser sum from the greater, and is not a compliance with the rule of his duty as declared in Gage v. Ardt, 121 Ill. 491, and other cases cited.

This is true of the body of the report. It appears, however, that by order of the court, the parties made out and presented to the master an itemized statement of their respective accounts, showing the debits and credits; that appellee presented three—the mule account, the Shelby county land account, and the De Witt county land account, designated respectively as Exhibits "C" "B" and "A" and the appellant one, designated as his Exhibit "A." These exhibits are referred to in the body of the report by their respective designations, as indicating what he allowed, and some items are mentioned as deducted or disallowed. But they do not appear in the record in connection with the body of the report, or elsewhere. At the last term, the omission of these exhibits was suggested as a diminution of the record and the cause was continued in order to have them supplied, on motion of appellee, supported by affidavits of his counsel and of the master, showing that they were filed with the body of the report and as part of it, and became lost or mislaid while the files were in the hands of persons employed by appellant to make out the transcript of the record. The omission was not supplied, and the reason as stated by counsel for appellee, is, that they were unable to find them, or to reproduce them in time for this term. They claim that with those exhibits as part of it, the report of the master would show here, as it did to the court below, every item allowed and disallowed.

The objection now made to it was not stated among the exceptions filed below, and it is clear from the argument here,

that counsel had no difficulty in ascertaining what the master allowed and what he disallowed. In Craig v. McKinney, 72 Ill. 314, the court say : " The items of the account should in some way appear. When the master reports upon accounts, he generally states the results of the accounts in the body of the report, and refers to schedules as to particular items." Citing 2 Dan. Ch. Pl. & Pr., 1302; and although without these exhibits it is impracticable for this court to ascertain the particular items allowed and disallowed, we can not say it is the fault of the report or chargeable to appellee. Nor do we mean to imply that it is the fault of appellant or of his counsel. It seems to have been an accident which often happens to papers filed, and which nobody can explain.

The record in this case contains very nearly if not quite, six hundred pages of evidence, consisting almost wholly of the testimony of the parties themselves, called and recalled, again and again. It relates to a great number of transactions, and upon a very slight examination (for we have not undertaken a thorough one) appears to be by no means harmonious in respect to many of them. It further appears that the transcript was made with less of care than should have been given to it, if it had been practicable. Its magnitude, and the time allowed for its preparation must account for this. And the abstract, containing eighty pages, was evidently prepared under conditions still more unfavorable. For these reasons we have been unable to get such an understanding of the evidence as we desire in every case, and are compelled to dispose of it largely upon legal presumption in favor of the decree on findings of fact upon conflicting evidence.

*Decree affirmed.*