National Brewing Co. v. Ahlgren.

---

## National Brewing Co. v. O. H. Ahlgren.

| 63 | 475 |
| 64 | 248 |
| 63 | 475 |
| 66 | 273 |
| 66 | 535 |
| 63 | 475 |
| 80 | 353 |
| 80 | 475 |
| 82 | 349 |
| 82 | 351 |

1. RATIFICATION—*By Corporations.*—Ratification by a corporation of a contract made in its name, whether sealed with its corporate seal or not, will be implied by the acts of the corporation, and will be inferred from facts and circumstances as in the cases of individuals.

2. ULTRA VIRES—*Estoppel to Assert.*—Where a corporation enters into a contract in excess of its powers, but enjoys its benefits, it will be estopped to appeal to the limitations imposed by its charter for the purpose of escaping payment of the stipulated consideration.

3. SAME—*What is Not.*—The renting of premises to be used as a beer saloon, is not in excess of the corporate powers of the National Brewing Company, as expressed in its articles of incorporation, "to engage in the manufacture and sale of lager beer and other fermented liquors, and malting."

**Action for Rent.**—Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 13, 1891.

KNIGHT & BROWN, attorneys for appellant.

The term *ultra vires* denotes those acts of a corporation

which are outside the objects for which the corporation was created, as defined in the object of its corporation, and therefore beyond the power conferred upon it by the legislature.   27 A. & E. Enc. of Law, 353; Filon v. Miller Brewing Co., 15 N. Y. Sup. 57.

The contract, as executed by the secretary, was not within the scope of the business for which the defendant was organized, and the plaintiffs were chargeable with knowledge of the limitation of the defendant's powers.   National Park Bank v. German-American Mut. W. & S. Co., 116 N. Y. 281; 22 N. E. Rep. 567; Jennison v. Bank, 122 N. Y. 135; 25 N. E. Rep. 264.

A corporation can not appropriate to itself property and then escape payment therefor under the plea of *ultra vires*, but we state it as a principle that where an *ultra vires* contract is executory it will never be enforced.   27 A. & E. Enc. of Law, 361.

A continuing contract is an executory contract in respect to the future and future performance, and a lease is a continuing or executory contract in respect to the unexpired term.   27 A. & E. Enc. of Law, 362–368.

L. C. COOPER, attorney for appellee.

A seal is not essential to the validity of a contract, such as the one in this case.

The statute of frauds does not require it as between individuals in a case like this, and under our decisions corporations act simply as individuals.   Green v. Blodgett, 55 Ill. App. 563.

Leasing of the premises was within the scope of its authority and within the scope of its managing officer's authority; therefore the defense of *ultra vires* has no foundation in the evidence in this case.   National Bank of Monmouth v. Brooks, 22 Ill. App. 238, and cases cited.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was an action brought by the appellee against the

appellant to recover for one month's rent for certain premises demised by the appellee for a term from April 1, 1891, to April 1, 1892, at a monthly rental of $200.

The suit was begun before a justice of the peace, and upon appeal to the Circuit Court was there heard by the court without a jury.

Twenty-five separate propositions of law were presented to the court by the appellant, thirteen of which were held, and two others held as modified, and ten were refused.

It would magnify the questions presented by such propositions into undue importance to discuss them in detail. Suffice it to say, that the law applicable to the case was properly held, and that no error was committed in the refusal of either of the ten rejected propositions.

The lease itself was introduced in evidence, and purported to be a lease from the appellee to " the National Brewing Company," in the usual form; and concluded : " In witness whereof the said parties have hereunto set their hands and seals, the day and year first above written," and was signed and sealed as follows :

" OLAF H. AHLGREN,     [SEAL.]

NATIONAL BREWING COMPANY,     [SEAL.]

J. B. RALSTON,

President."

In N. W. Distilling Co. v. Brant, 69 Ill. 658, the corporation in that case was held bound in an action of covenant upon a lease which, in the naming of the parties to it, was much less certain, although in form of signature substantially the same as this.

It was admitted that the appellant entered into possession of the demised premises, and fitted up the saloon for the sale of its "brew;" and the evidence was uncontradicted that appellant continued in occupancy and paid the rent monthly for about three years of the term.

To most of the questions argued by counsel, we regard a sufficient answer to be found in the single fact of ratification by the appellant, as evidenced by occupancy and payment of rent for three years.

Ratification by a corporation of a contract made in its name, whether sealed with its corporate seal or not, will be implied by the acts of the corporation, and will be inferred from facts and circumstances, like in the cases of individuals. L., N. A. & C. Ry. Co. v. Carson, 51 Ill. App. 552; same case, 151 Ill. 444.

There is no such charm in the fact of incorporation as will operate to exempt corporations from well established legal inferences which follow upon the acts of ordinary persons.

We do not think that the renting of premises to be used as a beer saloon, either wholly or in part, was in excess of the corporate powers of the appellant, which was organized, as expressed in its articles of incorporation, " to engage in the manufacture and sale of lager beer and other fermented liquors, and malting." Richelieu Hotel Co. v. Mil. En. Co., 140 Ill. 248; Green v. Blodgett, 55 Ill. App. 556. But we need not so decide, for under the facts of this case the defense of *ultra vires* can not avail the appellant. As said in Heims Brewing Co. v. Flannery, 137 Ill. 309 :

" Even admitting that entering into said contract was in excess of the defendant's corporate powers, yet having entered into said contract and enjoyed its benefits, it should be estopped to appeal to the limitations imposed by its charter, for the purpose of escaping payment of the stipulated consideration." See also N. W. Brewing Co. v. Manion, 44 Ill. 434; First Nat. Bank of Monmouth v. Brooks, 22 Ill. App. 238; and Kadish v. Garden City Bldg. Ass'n, 47 Ill. App. 502, and *ultra vires* cases there cited on page 609.

Further allusion to the points made by appellant would only serve to bring us back to the questions we have mentioned, and is unnecessary.

The judgment, upon both meritorious and strictly legal grounds, should be affirmed, and it is so ordered.