## JOHN WASKA

### v.

### ANNA KLAISNER.

*Practice—Master's Report—Exceptions—Must be Definite.*

The report of a master is conclusive until it is shown to be wrong, and in order to raise the question whether it is right or wrong, the party dissatisfied with it must, by objections before the master, repeated as exceptions before the court, point out with reasonable definiteness the error or mistake alleged.

[Opinion filed February 9, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Messrs. CROSS & JINDRICH, for appellant.

Messrs. KRAUS, MAYER & STEIN, for appellee.

GARY, J.   The appellant filed a petition for a mechanic's lien on the property of the appellee, for a balance he claimed to be due to him for building a house for her under a contract in writing.   After issue joined the cause was referred to a master, who reported that nothing was due to the appellant. To ascertain whether that finding is correct, requires the examination of a very large mass of contradictory testimony.

The report of the master is conclusive until it is shown to be wrong, and in order to raise the question whether it is right or wrong, the party dissatisfied with it, must, by objections before the master, repeated as exceptions before the court, point out with reasonable definiteness the error or mistake alleged.   Here the first objection and exception is " the findings, and each of them, are not warranted by the evidence," and the others are merely variations in words from that, in effect. This is insufficient.   Snell v. DeLand, 27 N. E. Rep. 707; 36

Ill. App. 638; Farwell v. Huling, 132 Ill. 112; Huling v. Farwell, 33 Ill. App. 238.

If that report stood, the dismissal of the bill necessarily followed. All errors assigned go back in their operation to the report, and as that can not be questioned, there is no error, and the decree dismissing the bill is affirmed.

*Decree affirmed.*