LEOPOLD J. KADISH ET AL.

v.

THE GARDEN CITY EQUITABLE LOAN & BUILDING ASSOCIATION ET AL.

*Building and Loan Associations—Appeal and Error—Preference.*

1. That a loan obtained from a building association was procured for the use of some person other than the borrower, can not affect the validity of a transaction involving a loan, as to the parties to it, and it is competent for the loan association to be secured in such case by a trust deed given by such third party.

2. The giving of such trust deed does not operate to make such third party a member of such association.

3. A business corporation, possessing no essential of a public corporation and endowed with no public franchise, having obtained a loan from a loan association, is estopped from denying the power of the latter to make the loan in any proceeding begun to enforce the payment of the loan, likewise all persons having dealings with such corporation, especially where the guarantors of the bond given upon the procurement of the loan were the directors of the business corporation, and the active agents in procuring the loan, and a judgment creditor having notice of the loan through the recording of the trust deed given to secure it.

4. Where the making of a loan was *ultra vires*, good faith demands that the borrower, as well as the creditors thereof, with notice, shall not be relieved, except by payment back of the money.

5. No notice will be paid by this court to alleged errors on the part of a master relating to the allowance of solicitor's fees and the like, the same objections not having been interposed before him.

6. In the case presented, this court holds that there is nothing in the contention that the cross-bill ought to have been dismissed, because the original bill was not prosecuted to a decree, and that the decree upon the cross-bill, purporting to be on the original as well as on the cross-bill, with a finding and order that there remained no subject-matter for the original bill to act upon, was regular and proper.

[Opinion filed January 27, 1893.]

APPEAL from the Circuit Court of Cook County; the Hon. O. H. HORTON, Judge, presiding.

Messrs. KRAFT & KRAFT, for appellants.

Mr. JULIUS STERN, for appellees.

MR. JUSTICE SHEPARD. The decree, to reverse which this appeal is prosecuted, was entered in the Circuit Court in favor of the appellee, the Garden City Equitable Loan & Building Association, an Illinois corporation, upon its amended cross-bill filed for the foreclosure of two certain trust deeds in its favor, to secure loans made by it of $20,000 and $5,000, respectively.

The original bill was filed by appellant, Leopold J. Kadish, as a stockholder, for the purpose of winding up the affairs of the Chicago Co-operative Brewing Association, an Illinois corporation.

504          APPELLATE COURTS OF ILLINOIS.

VOL. 47.]     Kadish v. Garden City Loan & Bldg. Ass'n.

Two days before the original bill was filed, Albert Florus, one of the appellants, entered judgment by confession against the said Co-operative Brewing Association for the sum of $2,075, upon a judgment note in his favor, and the sheriff, by virtue of an execution issued upon said judgment, had levied upon and taken possession of all the property of the Brewing Association.

It is averred in the original bill that Florus, the judgment creditor, was at the time of the giving to him of said judgment note, and of the confession of judgment thereunder, and still was a director of said Brewing Association, and that, because thereof, said judgment constituted an unlawful preference to him.

The appellee Loan Association was made a party defendant to the original bill, and, by leave of court, filed its cross-bill to foreclose the two trust deeds held by it, as aforesaid, against the identical property levied upon by the sheriff under the Florus execution.

A receiver was appointed, and the sheriff, by order of court, turned over to the receiver the property held by him under the Florus execution, the rights of the respective parties being reserved and transferred to the proceeds which might arise from a sale of the property by the receiver.

The evidence discloses, and it is substantially conceded, that on the fifth day of July, 1886, Leopold J. Kadish and Ernest A. Kadish, both of whom were stockholders in the Pilsen Brewing & Malting Company, being each the owner of one hundred shares of stock in the Garden City Equitable Loan & Building Association, of Chicago, at a regular meeting of the board of directors of the said association, were each awarded a loan of $10,000 upon their respective certificates of stock by said association, and executed their individual bonds to said association, for the money so advanced and loaned to them upon said stock, which bonds were secured by a deed of trust upon the real estate of the Pilsen Brewing & Malting Company, described in said deed of trust, and the money so obtained by the said Kadishes was applied to the use of the said Pilsen Brewing

& Malting Company, of which the said Leopold J. Kadish at the said time was the president.

Subsequently, in the month of January, 1887, the Chicago Co-operative Brewing Association was organized, and purchased the entire plant of the said Pilsen Brewing & Malting Company, subject to the aforesaid incumbrance, which they assumed and agreed to pay as part consideration, and for some time continued to make the payments due upon the aforesaid bonds, according to their terms and the terms of the said deeds of trust; but, becoming embarrassed for want of money, the said Co-operative Brewing Association applied to the said, the Garden City Equitable Loan & Building Association, for an advance and loan of $5,000, upon fifty shares of new stock in the said Building Association, purchased by the said Co-operative Brewing Association, for the purpose of enabling it to obtain such advance, which advance and loan upon fifty shares was made to the said Co-operative Brewing Association on the 15th day of August, 1887, and for which it gave its bond, signed by L. J. Kadish, president, and Herman Nathan, secretary; the said L. J. Kadish, president of said Co-operative Brewing Association, being the same person who, while president of the Pilsen Brewing & Malting Company, had made an individual loan of $10,000, as above stated; and the last described bond was secured by a further deed of trust upon the premises, which had been purchased by the said Co-operative Brewing Association from the said Pilsen Brewing & Malting Company, being in the nature of an additional mortgage on said premises.

To further secure the payment of the last-named bond, in accordance with its terms, the said bond was guaranteed in writing by the said Leopold J. Kadish individually, and by George Heinzman, J. F. Buehrer, Herman Nathan, Joseph Schroeder, Herman Fink, Thomas Nalipinski, and Louis Groskopf, they then being the directors of the said Co-operative Brewing Association.

It appears that, by order of the Circuit Court, the receiver made a public sale of the property of the Brewing

606      APPELLATE COURTS OF ILLINOIS.

VOL. 47.]      Kadish v. Garden City Loan & Bldg. Ass'n.

Association, and that the appellee Loan Association was the purchaser of the same for the sum of $22,170, and that, by application of the amount of said sale, the bonds for $20,000, made by the Kadishes, were disposed of, and about $2,000 applied on the $5,000 bond, guaranteed by the appellants (except Florus).

Such proceedings were subsequently had in the said cause, that finally, on the 23d day of May, 1892, a decree was entered in the Circuit Court in favor of the cross-complainant, the Garden City Equitable Loan & Building Association, and against the appellants herein (excepting Albert Florus), for the unpaid portion of the money due upon the bond whereon they are individual guarantors, and confirming the sale of the premises described in said deeds of trust to the Garden City Equitable Loan & Building Association, on account of the moneys due to it, at the public sale made by the receiver in this cause.

It will be observed that all of the appellants, excepting Albert Florus, were guarantors on the bond of the Chicago Co-operative Brewing Association for the said loan of $5,000, they being at that time stockholders in, and directors and managers of the said Brewing Association; and that Albert Florus, the other appellant, was a director of the said Brewing Association at the time of receiving from it the said judgment note, upon which execution was issued, levied, and the business closed up.

One Christian Kruger also filed his cross-bill in said suit, and by the decree of the Circuit Court was given a first lien to the extent of $364 upon the premises involved, for work and labor done in the repair of the Brewing Association buildings.

It is mainly because the decree of the Circuit Court subordinates the lien of the execution on the Florus judgment to that of the two trust deeds which were given and recorded long before the judgment was recovered, and to the decree in favor of Kruger for a mechanic's lien, and awards to the Loan Association a personal money decree against the other appellants, who were guarantors of the $5,000 bond, that the appellants seek redress by this appeal.

It is admitted by both sides, that the loan of $20,000 was procured by the Kadishes for the use and benefit of the Pilsen Brewing & Malting Company, and that the money was actually received by and paid to said Pilsen Company; and also that the second of said trust deeds was made by the Chicago Co-operative Brewing Association, (the successor and vendee of the Pilsen Brewing & Malting Company,) and that the said $5,000 secured thereby, was actually received by the said co-operative association.

Appellants, however, insist that the loans made by the said Loan and Building Association to Leopold J. Kadish and Ernest A. Kadish, for the use of Pilsen Company, and to the Co-operative Brewing Association, who was the successor to the said Pilsen Company, were in violation of the act under which said Building Association was organized (being organized under the general building association law of Illinois), and that the bonds of Leopold J. and Ernest A. Kadish, as well as the bond of the Co-operative Brewing Association, were absolutely null and void, and that no recovery could be had thereon, and that inasmuch as the bonds of said parties were null and void, the trust deeds to secure said bonds made in furtherance of the said unlawful transactions, also were of no force and effect, and that no right accrued thereunder to said cross-complainant.

As to the first loan of $20,000 procured by the Kadishes, and secured by the trust deed given by the Pilsen Company, we see no occasion for hesitation in upholding its validity.

The Kadishes, as individuals, were competent to become members of the Loan Association, and, as such, to borrow money from it; and the Loan Association had the express power under the statute to admit them as members, and to loan money to them.

That the loan was procured by the Kadishes for the use and benefit of some one other than themselves, could not affect the validity of the transaction as to the parties to it. Each one being competent to deal with the other, the transaction would not be invalidated because one of the parties intended to, and did actually, give to a third party the benefit and fruit of the agreement.

608     APPELLATE COURTS OF ILLINOIS.

VOL. 47.]     Kadish v. Garden City Loan & Bldg. Ass'n.

"There is nothing either in the letter or the spirit of the act * * * that makes it the duty of the association to inquire for what purpose loans are being obtained, or to require any stipulation from the borrower as to the use he shall make of the money, or in any manner to supervise or control its disbursements." Juniata B. and Loan Association v. Mixell, 84 Pa. St. 313.

Neither can it be doubted that it was competent for the Loan Association to be secured by the trust deed given by the party, the Pilsen Company, who was the real beneficiary. Ibid.

The giving of said trust deed by the Pilsen Company to secure the bonds of the Kadishes, even though the money loaned on the faith thereof to the Kadishes was for the use and benefit of the Pilsen Company, did not make the latter company a member of the loan association, and the question as to the power of one corporation to become a member of another corporation, can not be said to fairly arise in the determination of the validity of the first trust deed to secure the Kadish bonds for $20,000.

This brings us to a consideration of the objections urged against the second trust deed, and bond for $5,000, given by the Co-operative Brewing Association for the loan of that amount made to it directly by the loan association.

Whether there is contained within the letter or the spirit of the statute under which loan and building associations are incorporated, a prohibition against a business corporation, possessing no essential of a public corporation and endowed with no public franchise, becoming a member of a loan association for the purpose of borrowing money from it, or against a loan association admitting such a business corporation into its membership and making loans of money to it, need not be decided in this case.

The business corporation having obtained a loan of money from a loan association, would most certainly be estopped from denying the power of the latter to make the loan, in any proceeding begun to enforce the payment of the loan; and so, we think, should all persons having dealings with

such business corporation, where, especially, as in this instance, the guarantors of said bond were the directors of the business corporation and the active agents in procuring the loan, and Florus, the judgment creditor, had notice of the loan through the recording of the trust deed given to secure it.

At the most, the making of the loan by the Loan Association was an act *ultra vires*, and good faith demands that the Brewing Association, as well as its creditors with notice, shall not be relieved except by payment back of the money. 2 Morawetz on Private Corporations, Sec. 689; N. W. Br'g Co. v. Manion, 44 Ill. App. 424; Bradley v. Ballard, 55 Ill. 413; Building Ass'n v. Crowell, 65 Ill. 453; Darst v. Gale, 83 Ill. 136; R. R. Co. v. Thompson, 103 Ill. 187; Brewing Co. v. Flannery, 137 Ill. 309.

As to the assigned errors relating to the allowance of solicitor's fees, and the decree in favor of Kruger for a mechanic's lien, it is enough to say that the record discloses no objection filed before the master, to either.

To be entertained, such objections must first have been interposed before the master. Waska v. Klaisner, 43 Ill. App. 611, and authorities there cited.

As to the assignment of error that the cross-bill ought to have been dismissed because the original bill was not prosecuted to decree, we think there is no foundation for it.

The decree as entered purports, on its face, to be upon the original bill as well as upon the cross-bill, and specially finds that the allegations of the bill concerning the insolvency of the Brewing Association are true, and that the purposes of the bill have been attained by a sale and distribution, among the persons entitled thereto, of the assets of the insolvent association; and that its other allegations, among which was one that the confession of judgment in favor of Florus was unlawful, were not sustained.

Furthermore, the cross-bill set up additional facts, not alleged in the original bill but germane thereto, concerning the trust deeds and bonds, and the guaranty of one of the latter by the original complainant and others, and prayed for

affirmative relief against him, and the subject-matter that he had brought into court.

In such a case, a decree upon the cross-bill, with a finding and order such as was contained in the decree, that there remained no subject-matter for the original bill to act upon, was entirely regular and proper. It is unlike where a cross-bill sets up only matter purely defensive. 2 Daniell's Chancery Pleading and Practice, 1553, Note 3.

The lien of the Florus judgment was subsequent in point of time to that of the two trust deeds, and, for the reasons stated, subject thereto, as well as to the lien in favor of the mechanic, Kruger.

We fail to find any error in the record, and because the decree seems in all respects to be just and proper, it will be, accordingly, affirmed.

*Decree affirmed.*