Florence N. Cook, Administratrix of the Estate of Charles M. Cook, Deceased, and Charles F. Cook, a Minor, v. Hosea P. Meyers, Administrator of the Estate of John Hasset, Deceased.

1. PRACTICE IN CHANCERY—*Exceptions to Master's Report.*—Exceptions to a master's report are always to be confined to such objections as were allowed or overruled by the master.

Memorandum.—Bill for foreclosure. Error to the Circuit Court of

Cook v. Meyers.

Cook County; the Hon. Murray F. Tuley, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed March 9, 1894.

D. M. Kirton, attorney and guardian *ad litem* for plaintiffs in error.

P. T. Keily, attorney for defendant in error.

Mr. Justice Gary delivered the opinion of the Court.

The plaintiffs in error are the widow as well as administratrix of Charles M. Cook, deceased, and their minor son.

The defendant in error is the administrator of John Hasset, deceased.

In a foreclosure suit a decree was entered in favor of the defendant in error and against the plaintiff in error upon a mortgage, securing some notes, dated June 25, 1888. The defense was an attack upon the consideration of the notes, and upon the capacity of Charles M. Cook to do business at the time the mortgage was executed, on account of excessive indulgence in drink.

These were questions of fact upon which we should agree with the finding of the master, approved by the court, if they were properly before us, but they are not.

All the objections filed before the master to his report are merely variations in language of the first: "Said report and finding is contrary to the evidence." Such an objection is too general and pointless to raise any question. Waska v. Glaisner, 43 Ill. App. 611; Snell v. Deland, 138 Ill. 55.

The exceptions to the master's report "are always to be confined to such objections as were allowed or overruled by the master." Hurd v. Goodrich, 59 Ill. 450.

It is not, therefore, regular to consider the expanded exceptions filed before the court.

The decree must be affirmed.