Independent Brewing Ass'n v. Powers.

---

## Independent Brewing Association v. John Powers.

1. RATIFICATION—*Equivalent to Prior Authority.*—Where an officer of a corporation executes a lease without authority a subsequent ratification cures the defect, and such ratification may be implied from the acts of the corporation.

2. AFFIDAVITS—*Construction of, When Read on Motions.*—Affidavits read in support of a motion must be construed most strongly against the party making the motion.

. 3. LEASE—*Repairs in the Absence of Covenants.*—Where a lease recites that the leasee received the premises in good condition, and contains no covenant by the landlord to repair, he is not bound to repair.

· **Motion to Set Aside a Judgment.**—Heard in the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Motion denied; appeal by defendant. Heard in this court at the October term, 1898. Affirmed. Opinion filed March 16, 1899.

LOESCH BROTHERS & HOWELL, attorneys for appellant.

The officers of a corporation have no implied power to execute a warrant of attorney to confess judgment against the corporation, and a judgment entered on a warrant so executed is void. Joliet Electric Light & Power Co. v. Ingalls, 23 Ill. App. 45; Adams v. The Cross Wood Printing Co. et al., 27 Ill. App. 313; Boston Tailoring House v. Fisher, 59 Ill. App. 400; Mast Buggy Co. v. Litchfield Implement Co., 55 Ill. App. 98; 4 Thompson on Corporations, Secs. 4695–4697; 2 Cook on ·Stockholders, Sec. 717, and notes; Ridley v. Plymouth, etc., Co., 2 Ex. 711.

E. S. CUMMINGS, attorney for appellee, contended that appellant ratified the lease and enjoyed its benefits, and must also · bear its burdens; it can not repudiate the lease when it is to its interest to do so. L. N. A. & C. Ry. Co. v. Carson, 151 Ill. 450; National Brwg. Co. v. Ahlgren, 63 Ill. App. 475; Greer v. Sellers, 64 Ill. App. 505.

Ratification of an act done is equivalent to precedent authority and relates back to the execution of the power. Martin v. Judd, 60 Ill. 78.

The lease on its face shows a *prima facie* right and power in the secretary to execute it, and the judgment having been entered in term time, every presumption is in favor of it.

The presumption is that the seal used was the proper and only seal of the company. Miller v. Superior Machine Co., 79 Ill. 450; I. C. R. R. Co. v. Johnson, 40 Ill. 35; N. W. Distilling Co. v. Brant, 69 Ill. 658.

Although it is not the law that the power of attorney to confess judgment can only be exercised by a corporation under its corporate seal. Snyder Bros. et al. v. Bailey, 105 Ill. 447.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from an order overruling a motion to set aside a judgment by confession for rent due by the terms of a lease. The lease contained a power of attorney to confess judgment. The signatures to the lease were as follows:

> " JAMES G. POWERS. [SEAL.]
> " INDEPENDENT BREWING ASSN. [SEAL.]
> " J. HENRY ZITT, Sec'y."

Appellant's counsel, in their argument, say: " The appeal in this case presents but one question, and that is, whether an officer of a corporation has power to execute a warrant to confess judgment against such corporation, without warrant given him by the board of directors so to do."

The lease was of date December 23, 1892, and the term created by it was from January 1, 1893, until April 30, 1898. That appellee was the proper person to sue on the lease is not questioned.

Appellant, in support of its motion to vacate the judgment, read the affidavits of Leo Ernst, Fred W. Boldenweck and Paul Frickow. Ernst deposed that several months after he became appellant's president, he learned of the lease, and ascertaining that its execution had not been authorized by appellant, he caused the rent, up to and including February, 1897, to be paid and the keys to be surrendered to John Powers, and notified him that appellant would not pay any more rent; that appellant's president has no authority to execute any contract unless thereto authorized by the board of directors; that the execution of the lease by Zitt has never been ratified by the board of directors; that appellant vacated the leased premises February 28, 1897, on the ground of non-liability, and that appellant has a good and valid defense.

Boldenweck deposed that he had been appellant's secretary since September 12, 1896; that he had carefully examined the minute book of the meetings of the board of directors from January 1, 1892, to and including the last meeting, February 10, 1898, and that there was no entry of any authority to the president or secretary of appellant to

rent the premises described in the lease, or to execute the lease, or any warrant of attorney to confess judgment. *Frickow* deposed, in substance, that one Frazier was a tenant in possession of the premises for about two months prior to February 1, 1897, and was compelled to vacate and did vacate the same prior to February 16, 1897, on account of the roof being leaky and the bursting of water pipes, etc.

Appellee read the counter-affidavit of James G. Powers, the appellee, in opposition to the motion, who deposed, in substance, that subsequent to the execution of the lease, and in the second week of February, 1893, he was in need of money, and went to Zitt, then appellant's secretary, and proposed to him that if appellant would pay one year's rent in advance, he, Powers, would allow a discount; that Zitt informed him that he, Zitt, could not pass on the proposition, but would submit it to the board of directors; that February 12, 1893, he went to appellant's office and there met Zitt and Lange, who was then appellant's president, and that Zitt told him, in Lange's presence, that payment of one year's rent had been allowed by the board of directors, and thereupon the appellant's treasurer gave affiant a check for one year's rent, less the discount allowed by affiant. These affidavits conclusively show that from January 1, 1893, to and including February 28, 1897, four years and one month, the appellant was in the possession and enjoyment of the premises, and the uncontradicted affidavit of Powers shows that appellant's board of directors authorized and appellant paid a year's rent of the premises, in advance, after the execution of the lease. It is not stated positively, in any of the affidavits in support of the motion, that the board of directors did not authorize the execution of the lease, including the warrant of attorney to confess judgment, but merely that the minutes of the meetings of the board do not so show.

The affidavits in support of the motion must be construed most strongly against appellant. Chi. Fire Proof Co. v. Park Nat. Bank, 145 Ill. 481.

But whether there was prior authority to Zitt to execute the lease, is not important in view of the facts showing rati-

fication, which is equivalent, in law, to prior authority. Martin v. Judd, 60 Ill. 78.

A ratification may be implied from appellant's acts in the premises. The Louisville, N. A. & C. Ry. Co. v. Carson, 151 Ill. 444; Nat. Brewing Co. v. Ahlgren, 63 Ill. App. 475; Greer v. Sellers, 64 Ill. App. 505.

No facts are alleged in the affidavits showing a meritorious defense, nor does any equitable reason appear for setting aside the judgment. Crossman v. Wohlleben, 90 Ill. 542; Packer v. Roberts, 140 Ill. 9.

The lease recites that the lessee received the premises in good condition; it contains no covenant by the landlord to repair and he was not bound to repair.

The order overruling the motion to set aside the judgment will be affirmed.