## Lake Street Elevated R. Co. v. Harriet K. Carmichael.

1. CORPORATIONS—*Act Through Agents.*—Corporations necessarily act through agents and when in the course of the authorized business of a corporation its president assumes to act for it, his acts will be presumed to be authorized unless it is otherwise affirmatively shown, and persons dealing with him in good faith will be protected.

2. SAME—*Ultra Vires and Ratification.*—When an officer of a corporation performs an act which he lacks the power to perform, such lack of power may be cured by a ratification of such act by the corporation.

3. RATIFICATION—*Ry. Corporations Need Not be by Vote or Resolution.*—The assent to and ratification by a corporation of the lawful contracts of its president made in its name and done within the scope of its business is not required to be shown by vote or resolution of the board of directors. Such assent and ratification by a corporation, as in the case of individuals, may be shown and implied from facts and circumstances as well as by express conduct.

4. ULTRA VIRES—*Not to Commit Injustice and Fraud.*—A plea of *ultra vires* can not be successfully used to commit an injustice or a fraud and in this respect it makes no difference whether it is interposed by or against a corporation.

5. SAME—*Guaranteeing Promissory Notes.*—Where a corporation in acquiring land for a right of way caused an employe to give his note for purchase money, and guaranteed payment of the same itself, it can not, in a suit upon the guaranty, successfully plead *ultra vires*.

6. PUBLIC POLICY—*Corporations to be Kept Strictly Within Their Chartered Powers.*—Public policy requires corporations to be kept strictly within their chartered powers, yet good faith to third parties who

have dealt with them without accurate knowledge of the extent of their powers and principles of justice demand that when, under the sanction of a contract lawful and proper in itself, they have received and appropriated to their legitimate uses all of the subject-matter of the contract, they shall render unto the other contracting party that which by the contract, though *ultra vires*, they agreed to do for him.

7.  ESTOPPEL—*To Deny the Validity of a Beneficial Instrument.*— Where a party has accepted and received the benefits of a contract he estops himself from denying in the courts the validity of such contract.

**Assumpsit,** on a guaranty. Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE. Judge, presiding.  Verdict and judgment for plaintiff by direction of the court; appeal by defendant. Heard in the Branch Appellate Court at the October term, 1898. Affirmed.  Opinion filed May 2, 1899.

KNIGHT & BROWN, attorneys for appellant, contended that a contract made with the officers of a corporation, not authorized, is not binding.  City of Chicago v. Lithographing Co., 6 Ill. App. 560.

The general rule is that a corporation is impliedly prohibited from guaranteeing the debt of another.  Dobson v. More, 164 Ill. 110.

When a party makes, with the officers of a corporation, an illegal contract beyond the power of the corporation, such third party can not recover, because he acts with knowledge that the officers have exceeded their power, and between him and the corporation or its stockholders, no amount of ratification of this authority will make it valid. Lucas v. White Line T. Co., 70 Ia. 546; Durkee v. People, 53 Ill. App. 396; Dobson v. More, 164 Ill. 110.

Proof that the instrument purporting to be made by the appellant corporation was signed by an officer of the corporation does not show that it is the note of the corporation without proof that it was made by its authority. People's Bank v. Church, 109 N. Y. 512.

WILLARD & EVANS, attorneys for appellee.

There was proof of subsequent ratification of the act of the president by acquiescence therein and retention of benefits flowing from the act.  Smith v. Smith, 62 Ill. 493;

McDonald v. Chisholm, 131 Ill. 273; Atwater v. American Exchange Bank, 152 Ill. 605; Snyder Bros. v. Bailey, 165 Ill. 453; Ashley Wire Co. v. Ill. Steel Co., 164 Ill. 149; Glover v. Lee, 140 Ill. 107; Glover v. Wells, 40 Ill. App. 354; Union Mutual Life Ins. Co. v. White, 106 Ill. 67; Melledge v. Boston Iron Co., 5 Cush. (Mass.) 175; Beach on Private Corporations ('91), Sec. 203; Cook on Stockholders, 2d Edition, Sec. 716; 1 Morawetz on Corporations, Secs. 538, 618, 630.

The plea of *ultra vires* is not availing where the corporation has received and retains the benefit of an executed contract.

The guarantee in question was executed as part of the consideration for the conveyance by appellee, at the request and instance of appellant, of certain real estate. The appellant has since retained such real estate and the benefit of such conveyance. It is therefore now estopped from asserting that the giving of said guaranty was *ultra vires*. Darst v. Gale, 83 Ill. 137; Bradley v. Ballard, 55 Ill. 413; Kadish v. G. E. L. & B. Assn., 151 Ill. 531; Standard Brewery Co. v. Kelly, 66 Ill. App. 273; Nat. Brewing Co. v. Ahlgren, 63 Ill. App. 478; Heims Brewing Co. v. Flannery, 137 Ill. 309; Railroad Company v. Howard, 7 Wall. (U. S.) 412, 413; The Rider Life Raft Co. v. Roach, 97 N. Y. 381.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The appellee brought suit upon the guaranty of a promissory note, made as follows:

"CHICAGO, February 23, 1894.

On or before one year after date I promise to pay to the order of Harriet K. Carmichael twenty-five hundred dollars, with interest at the rate of 6 per cent per annum, payable annually at the office of William D. Kerfoot & Company, Chicago, with interest at 7 per cent per annum after maturity, value received.

JOHN H. MILLER."

(On the back of said note :)

" For value received the Lake Street Elevated Railroad

Company hereby guarantees the prompt payment of the within note at its maturity.

Lake Street Elevated Railroad Company,
By John A. Roche,
President."

To the suit there was filed a verified plea of the general issue, and a plea of *ultra vires*. There is very little dispute about the facts. It was admitted by appellant, at the trial, that John A. Roche was president of the appellant corporation at the time the note and guaranty were made, and that the signature to the guaranty was made by him, but such admission was coupled with a denial of his authority to sign it.

Upon trial of the issues, a verdict, directed by the court, and a judgment in favor of appellee for $2,841.70 was had, and this appeal has followed.

The appellant was chartered for the purpose of constructing, maintaining and operating a railway (elevated) between points within Cook county. For the right of way of one of its proposed branches, appellant needed to acquire part of certain lands belonging to appellee. She was unwilling to sell a part of the land, and it was arranged that appellant should buy the whole, at a price agreed upon, partly in cash and partly on time, and the note in question represents the amount of the deferred payment.

At the request of appellant's attorneys who negotiated the transaction, all the premises were conveyed to Miller, the maker of the note, who was a clerk in the office of said attorneys, and he gave a trust deed back to secure the note. This was done, as testified, so that appellant need not appear to have given a mortgage.

The trust deed, by agreement, was drawn so as to cover only that part of the premises upon which the elevated structure was not to be built. To take the place of the security, which a trust deed upon the whole of the premises would afford for the deferred payment, it was agreed, between appellant's attorneys and appellee, that the trust deed should cover only the part of the premises upon which the road was not to be built, and that appellant's guaranty

of the note should be substituted for and stand in the place of trust deed security upon the part of the premises upon which the road was to be built, and in pursuance of such agreement the guaranty in question was made.

Miller paid no part of the cash consideration for the land, and he soon conveyed all the premises to the appellant, without receiving any consideration therefor.

The deed to Miller and his trust deed to secure the note, bear even date with the note, and were both recorded on the same day, March 13, 1894, that the deed from Miller to appellant is dated.

From a letter written to appellee's agents, by one purporting to be secretary of appellant, it is shown that appellant could not pay the note at maturity, but was willing to pay the interest if an extension should be granted, and interest for one year was paid on the note by appellant.   It also appears by a later letter from the president of the appellant, that all the premises purchased of appellee had become included in and covered by a general mortgage made by appellant upon its property.

The question arising out of the argued lack of authority by the president of the appellant corporation to execute the guaranty, is not one of much difficulty.   The power of appellant, under the charter, to build a railway along the line where appellee's premises were located, is not questioned.   Having such power, its further right and power to acquire, by grant or license, land upon which to construct its road follows by implication, and does not seem to be contended against, and having the power to acquire and receive land, appellant may pay therefor and execute all necessary contracts in connection therewith.

Corporations necessarily act through agents, and when in the course of the authorized business of a corporation its president assumes to act for it, his acts will be presumed to be authorized, unless it is otherwise affirmatively shown, and persons dealing with him in good faith will be protected. Glover v. Lee, 140 Ill. 107;  Ashley Wire Co. v. Illinois Steel Co., 164 Ill. 149.

If, however, there were anything lacking in the original power of the president in the premises there has been such ratification of his act as to cure all such lack of power in him in the first instance.    We need not repeat the evidence.

The assent to and ratification by a corporation of the lawful contracts of its president made in its name and done within the scope of its business, is not required to be shown by vote or resolution of the board of directors.    Such assent and ratification by a corporation, as in the case of individuals, may be shown and implied from facts and circumstances, as well as by express conduct.    Atwater v. American Exchange Nat. Bank, 152 Ill. 605; Louisville, N. A. & C. Ry. Co. v. Carson, 51 Ill. App. 552, 151 Ill. 444; National Brewing Co. v. Ahlgren, 63 Ill. App. 475.

The plea of *ultra vires*, impliedly admitting that the guaranty was the act of appellant, avers that the guaranty was made for the accommodation of Miller and to secure his individual indebtedness, and denies the lawful authority or power of appellant to bind itself as security for, or guarantor of, the debt of another.

The undisputed evidence dissipates all ground for contention that the guaranty was given for the accommodation of Miller.    The purchase of the land was not made by Miller. As between Miller and appellant, Miller was but a conduit for the title to pass through.    The transaction was the appellant's and not Miller's, from inception to conclusion.    The negotiations were begun and the agreement concluded by appellant.    Miller never had any real interest in the transaction, and no one but appellant reaped any of its benefits.    Having secured the full benefit of the transaction appellant ought not to be permitted by a plea of *ultra vires* to defraud appellee out of her land, and her money, too.    A plea of *ultra vires* can not be successfully advanced to commit injustice and fraud, and in this respect it makes no difference whether it is interposed by or against a corporation.    Darst v. Gale, 83 Ill. 136; People v. Suburban R. R. Co., 178 Ill. 594.

The evidence is undisputed, that the land was conveyed and a mortgage upon a part of it for the deferred payment

of the purchase price waived, upon the faith of appellant's guaranty. Now, to allow the plea would be to hold appellant may acquire land which it is authorized by its charter to acquire, and to keep it without paying for it, merely because its contract to pay for it took a form which it says it had no power to enter into.

It can not be successfully claimed that appellant's contract of guaranty is void or illegal, but the claim is, merely, that it is *ultra vires*, which, applied to the facts of this case, means that appellant having lawfully acquired, as it might, appellee's land and agreed to pay for it, and afterward held and mortgaged it as his own, shall now be excused from paying for it, because its contract to do so is in form an undertaking to pay the debt of another.

In determining the effect to be given to a plea of *ultra vires*, interposed by a corporation to avoid the result upon itself of an executed contract whereof it has received the full benefit, courts look more to substance and justice, and what the plain rules of good faith and simple and common honesty demand, than to mere form.

It is quite true that public policy requires corporations to be kept strictly within their chartered powers, yet good faith to third parties who have dealt with them without accurate knowledge of the extent of their powers, and the plainest principles of natural justice demand that when under sanction of a contract, lawful and proper in itself, they have received and appropriated to their legitimate uses all of the subject-matter of the contract, they shall render unto the other contracting party that which by the contract, though *ultra vires*, they agreed to do for him.

The effect of all the decisions upon this question is said in Kadish v. Garden City, etc., Ass'n, 151 Ill. 531 (same case, 47 Ill. App. 602), to naturally rest upon the rule laid down in 2 Parsons on Contracts, 790, that "where a party has accepted and made his own the benefit of a contract, he has estopped himself from denying in the courts the validity of the instrument by which those benefits came to him."

There are many cases in Illinois bearing upon this sub-

ject, and among them are Bradley v. Ballard, 55 Ill. 413; Chicago Building Society v. Crowell, 65 Ill. 453; Darst v. Gale, 83 Ill. 136; Heims Brewing Co. v. Flannery, 137 Ill. 309; Kadish v. Garden City, etc.; Assn., 151 Ill. 531; Nat. Brewing Co. v. Ahlgren, 63 Ill. App. 475; Standard Brewery v. Kelly, 66 Ill. App. 267; Brewer & Hoffman Co. v. Boddie, 80 Ill. App. 353.

We observe no material error in the record, and nothing more that requires comment.

The judgment of the Superior Court is accordingly affirmed.