## J. Henry Kraft v. West Side Brewery Company.
### Gen. No. 12,025.

1. CORPORATION—*what within implied powers of.* A brewery company has the implied power to make a loan for the erection of a building in which it is required by contract that only the beer manufactured by such company shall be sold.

Foreclosure proceeding. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed July 3, 1905.

I. T. GREENACRE, for appellant; ALFRED B. DAVIS, JR., of counsel.

WINSTON, PAYNE & STRAWN, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court. This is an appeal from a decree of the Superior Court of Cook county ordering a sale of certain premises covered by a trust deed executed and delivered by the appellant and wife to the appellee to secure a certain principal note for $4,000 and certain interest notes at the rate of 6 per cent per annum, made by appellant to his own order and by him endorsed. The notes were given to the West Side Brewery Company, the appellee, for a loan November 15, 1892. The loan was for the purpose of erecting a building on the premises covered by the trust deed, in connection with a contract made at the time that the appellee would take a lease of the building for five years, and that its beer, the manufacture and sale of which was the business of the corporation, should be exclusively used and sold therein. The building was erected with the funds thus procured, and the lease executed, and the appellant paid interest on the principal note for five years up to' the maturity of the last coupon and the principal note, November 15, 1897, and thereafter in 1898 and 1899 paid something more on account of interest, for which he was given credit. The decree found due the amount of the principal note of $4,000 and of the last in-

terest coupon, and $300 for solicitor's fees, less $218, made up of various items of rent credited to appellant and $100 cash paid on October 3, 1899.

Under these circumstances the contention of appellant that he should now be allowed to avoid payment of either principal or interest or any part thereof, on the ground that the appellee had no power or authority under the law to loan money, does not appeal to our sense of justice. Nevertheless, were such the law we should be obliged so to declare it. But the Supreme Court has emphatically pronounced against such a contention. We think the case of Central Lumber Co. v. Kelter, 201 Ill., 503, conclusive on this question. The making of this loan by the West Side Brewery Company under the circumstances disclosed by this record was as fairly within its implied powers as was the execution of the bond by the Central Lumber Company in that.

In Best Brewing Co. v. Klassen, 185 Ill., 37, cited by appellant, the court said: "If it had been shown that it" (an appeal bond) "was executed clearly for the purpose of promoting or protecting its own business of brewing or selling beer, etc., that is to say, if the act had been reasonably necessary to accomplish the end for which the corporation was formed, it would have been within the scope of the corporate power."

The other cases cited by appellant can all be distinguished from the case at bar, and do not need discussion by us.

We think this loan was made under a valid contract and in furtherance of the appellee's legitimate business, and that "the plea of *ultra vires* cannot be successfully advanced in it to commit injustice." Lake Street Elevated R. R. Co. v. Carmichael, 82 Ill. App., 344.

The decree of the Superior Court is affirmed.

*Affirmed.*